## 48647. CHRISTIAN v. THE STATE.

QUILLIAN, Judge. The defendant was indicted, tried and convicted for the offense of burglary. His sentence was set at 10 years. The defendant appeals to this court and the sole enumeration of error recites: "The Court erred in failing to charge on the lesser included offense of criminal damage to property in the second degree, being Code Ann. § 26-1502 (a), since the trial judge charged on voluntary drunkenness and therefore was required to charge the jury on this offense as it was also raised by appellant's unsworn statement." *Held:*

The enumeration of error is not meritorious. Insofar as the issue was raised by the defendant in his unsworn statement there was no reversible error in failing to include the charge on the offense since there was no request for it. *Brawner v. State,* 221 Ga. 680 (3) (146 SE2d 737); *Baker v. State,* 127 Ga. App. 99, 101 (192 SE2d 558). Furthermore, it is clear that § 26-1502 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1285) is not a lesser included offense of the crime of burglary. Criminal Code of Georgia § 26-1601 (Ga. L. 1968, pp. 1249, 1287). Where the state's evidence tended to prove the crime of burglary and the defendant's statement attempted to set out that he was not guilty of the

commission of the crime, then the court did not err in failing to charge in that regard. *King v. State,* 127 Ga. App. 83 (192 SE2d 392), and cits.

Moreover, it should be pointed out that Code Ann. § 26-1502 recites: "A person commits criminal damage to property in the second degree when he (a) intentionally damages any property of another person without his consent and the damage thereto exceeds $100; or (b) recklessly, or intentionally by means of fire or explosive, damages property of another person; or (c) with intent to damage, starts a fire on the land of another without his consent." Here, there was evidence that the front plate glass window of the store had been broken; however, there was nothing to show that the value of that window was in excess of $100. Thus, in no case was the charge on that Code Section required.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED OCTOBER 1, 1973 — DECIDED JANUARY 15, 1974.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.