## 51760. WILLIAMS v. THE STATE.

BELL, Chief Judge.
Defendant was indicted for murder but was convicted of voluntary manslaughter. *Held:*

1. The evidence authorized the conviction.

2. The trial court did not err in failing to charge that the defendant denied being guilty of voluntary manslaughter. The jury was correctly charged that the defendant's plea of not guilty challenges and denies every

material allegation in the indictment; that the state had the burden of proving the defendant's guilt beyond a reasonable doubt; and that voluntary manslaughter was a lesser included offense. By the plea of not guilty to murder the defendant equally denied his guilt of the lesser degree of unlawful homicide. The jury could not have been confused or misled. As the instructions applied to the offense charged, they apply to all lesser included material parts or offenses.

3. The court failed to give a requested charge on involuntary manslaughter in the commission of a lawful act in an unlawful manner. There was no error as there is no evidence that the death occurred unintentionally from the commission of a lawful act in an unlawful manner. *Teal v. State,* 122 Ga. App. 532 (4) (177 SE2d 840).

4. Defendant complains that the court erred in failing to give a requested charge that the state had to prove beyond a reasonable doubt that the defendant did not act in self-defense. The enumeration is without merit. The requested instruction concludes with the following language: ". . . if the evidence has created a reasonable doubt that the defendant did not act in self-defense, you must find him not guilty." The double negative employed distorts the law and could not have been given. Additionally, the requested charge was adequately covered by the general charge which placed the burden of proof on the state to establish the defendant's guilt beyond a reasonable doubt and reflected that a showing of self-defense would prevent a conviction. Of particular importance is the following extract from the charges given: "Any evidence in the nature of justification of self-defense could be considered by you in connection with all other facts and circumstances of the case and if in doing so, you entertain a reasonable doubt as to the guilt of the defendant, then you should acquit him."

5. The court charged the jury: "Now the defendant contends that he is not guilty of the offense charged, and further contends that the State has not proved his guilt of the offense as charged to a reasonable and moral certainty and beyond a reasonable doubt. And the defendant further contends that whatever action taken by him at or about the time of the incident under investigation was

justified. If, from a consideration of the evidence, or from a lack of evidence, or from the conflict of evidence, you believe these contentions to be the truth of the case, or if you believe either of these contentions of the defendant to be the truth of the case, it would be your duty to acquit him, and the form of that verdict would be: 'We, the jury find the defendant not guilty.'" As held in *Braden v. State,* 135 Ga. App. 827 (219 SE2d 479) and *Moran v. State,* 139 Ga. App. 274, this charge does not have the effect of shifting the burden of proof to defendant.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED FEBRUARY 2, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 22, 1976 — 

*Frank B. Lanneau, III,* for appellant.

*Fred M. Hasty, District Attorney, W. Donald Thompson, Assistant District Attorney,* for appellee.