## 53763. BAILEY v. THE STATE.

SHULMAN, Judge.

Appellant was tried before a jury and was found guilty of burglary. He appeals from denial of a motion for new trial.

1. Appellant contends that the trial judge improperly commented on the appellant's failure to testify by referring in his charge to the "contentions of the defendant." Code Ann. § 38-415. The trial court instructed the jury that:

"Now, the defendant comes into court and by his plea of not guilty and through his counsel has contended he is not guilty of the offense charged and further contends the state has not proved his guilt of the offense as charged to a

reasonable and moral certainty and beyond a reasonable doubt.

"If from a consideration of the evidence or from a lack of evidence you believe these contentions of the defendant to be the truth of the case or if there rests upon your mind a reasonable doubt as to his guilt, it would be your duty to acquit the defendant."

The charge complained of refers to the appellant's contentions "through his counsel" and "by his plea." It does not comment on appellant's failure to testify. There was no error here. *Moran v. State,* 139 Ga. App. 274 (228 SE2d 216).

2. Appellant asserts error in the court's refusal to grant a directed verdict of acquittal. "Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error to refuse to direct a verdict of acquittal. [Cits.]" *Peluso v. State,* 139 Ga. App. 433, 434 (228 SE2d 395). There was no error here.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED APRIL 12, 1977 — DECIDED MAY 5, 1977.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney,* for appellee.