## 53940. CARROLL v. THE STATE.

BANKE, Judge.

The defendant appeals the overruling of his motion for new trial following his conviction for burglary.

A College Park police officer was killed by shotgun and pistol fire during the early morning hours of November 7, 1974. As the result of information received from an informant, a lookout was placed later that morning for three men traveling in a white van with Illinois tags who were suspected of committing the homicide. Very shortly thereafter, the Atlanta police received a call from a truck driver in Ocala, Florida, who had heard the lookout and spotted a van meeting the description, containing shotgun shells on the floor. The police thereupon contacted the nearest highway patrol station in Florida. Coincidentally, one of the officers at the patrol station had given the defendant and his two companions a ride earlier that day when their van became disabled on the interstate highway. All the descriptions and the tag number matched the information given by the informant; therefore, the Florida authorities relocated the suspects and held them for the Atlanta police. When questioned by Atlanta police, the defendant and his companions denied any involvement in the murder but confessed to a burglary which had occurred in Fulton County one day prior to the murder. The defendants were never formally charged with the murder.

1. The defendant moved to suppress the burglary confession, contending it was the fruit of an arrest made without probable cause. It was not error to overrule the motion. At the time the arrest took place the police knew that a murder had been committed and had been given information by a constable in Hapeville that three persons meeting the description of the defendant and his companions were responsible. This information was based on the constable's own conversations with one of the three suspects on the morning of the murder.

During these conversations, the suspect bragged that he and his companions had just killed a man near East Point and also mentioned that an Atlanta police officer had been murdered that morning. Although the suspect did not actually state that the person they had killed was that policeman, the constable explained to investigators that he had deduced this from knowledge that there had been no other murders in town that morning. In addition, East Point is adjacent to College Park, where the shooting took place. The constable also stated that the suspect had tried to sell him a pistol and a shotgun and had announced an immediate intention to head for Florida in the van.

Probable cause for an arrest without a warrant exists where the facts and circumstances within the officers' knowledge and of which they have reasonably trustworthy information are sufficient to give them reasonable ground to believe that the accused has committed a felony. Carroll v. United States, 267 U. S. 132, 162 (45 SC 280, 69 LE 543, 39 ALR 790) (1925); Draper v. United States, 358 U. S. 307, 313 (79 SC 329, 3 LE2d 327) (1959); *Quinn v. State,* 132 Ga. App. 395, 396 (1) (208 SE2d 263) (1974). "When a police officer is the informant the reliability of the informant is presumed as a matter of law. *Caudell v. State,* 129 Ga. App. 229 (199 SE2d 550)." *Quinn,* supra, p. 396. Based on their own knowledge of the murder and information provided by the constable, the Atlanta police had reasonable grounds to believe that the defendant and his companions had committed the crime and to request the Florida police to arrest them. The fact that they were not subsequently prosecuted for the murder does not make the arrest unlawful, since a lesser standard of proof is required to establish probable cause than to prove guilt. See *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302) (1968); *Johnson v. State,* 230 Ga. 196, 198 (1) (a) (196 SE2d 385) (1973); Johnson v. Wright, 509 F2d 828, 829-830 (5th Cir. 1975). Furthermore, as emphasized by the trial court, the suspects were located en route outside the state, and their arrest had to be effectuated immediately if at all. The warrantless arrest was, therefore, justified under Code Ann. § 27-207 (Ga. L. 1975, p. 1209) to prevent a failure of justice.

2. The defendant contends that his confession was

inadmissible under Code § 38-411 in that it was induced by a promise that he would not be prosecuted for the burglary. The trial court decided this factual issue adversely to the defendant after a lengthy Jackson v. Denno hearing, and his ruling is amply supported by the evidence. The investigators testified that the defendant told them he could not have committed the homicide because he had participated in a burglary on the previous night and that they then suggested to him that a statement on the burglary "would help clear the air." They denied that they ever made a promise not to prosecute. The defendant himself stated: "He didn't say it wouldn't be prosecuted. . . The only promise they made was that they was not going to pursue the investigation of the burglary and they were merely trying to clear up the fact we had not committed the murder." It was not error to admit the confession.

3. The defendant enumerates as error the trial court's failure to charge the jury on the lesser included offenses of criminal trespass and theft by taking. However, neither the defendant nor the state introduced any evidence tending to show either crime. The state's evidence showed that a house was burglarized and that the defendant confessed to having participated both in the burglary and in the disposition of the stolen property. The defendant's statement as to the disposition of the property was corroborated by the testimony of two of the persons who purchased the property. The defendant offered no explanation or evidence to indicate that he was guilty of a lesser offense than burglary. Therefore, it was not error to refuse to charge on criminal trespass or theft by taking. See *Hill v. State,* 229 Ga. 307 (191 SE2d 58) (1972); *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717) (1972); *King v. State,* 127 Ga. App. 83 (192 SE2d 392) (1972); *Christian v. State,* 130 Ga. App. 582 (203 SE2d 914) (1974); *Sanders v. State,* 135 Ga. App. 436, 437 (2) (218 SE2d 140) (1975). The holdings of this court in *Baker v. State,* 127 Ga. App. 99 (1) (192 SE2d 558) (1972), cited by defendant's counsel, and *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) (1975) do not require a different result. "In both those cases there was testimony by the respective *defendants,* which if believed, would negate an element of the crime of

burglary, entry with intent to commit felony." *Boggus v. State,* 136 Ga. App. 917, 919 (4) (222 SE2d 686) (1975).

4. The defendant moved for a directed verdict on the ground that the ownership of the house had not been properly established since the person named in the indictment as the owner did not testify. However, the owner's daughter, who was charged by him with responsibility for caring for the home due to the fact that her father was bedridden in a nursing home, did testify as to ownership and authority to enter the premises. Accordingly, it was not error to overrule the motion for directed verdict. See *Hall v. State,* 7 Ga. App. 115 (66 SE 390) (1909).

5. The trial court charged the jury on the issue of flight in the following manner: "Flight by one accused of crime immediately after the alleged commission of the criminal act may be considered by the jury as a circumstance and not sufficient of itself to establish guilt, but as a circumstance in determining the guilt or innocence of the accused. Flight should always be considered by the jury in connection with the motive that prompted it and at most is only one of a series of circumstances from which guilt may be inferred." An essentially identical charge was held by this court to be erroneous in *Hale v. State,* 135 Ga. App. 625, 626 (2) (218 SE2d 643) (1975), in that it omitted the words "if any" and "if proven" and thereby assumed that flight had been proven. That same case, however, held the charge to be harmless as a matter of law where the evidence of guilt was otherwise clear and convincing, even though justification was pled in that case as defense. In the case at bar, the defendant's guilt is established by his own confession, which is amply corroborated by other evidence. Furthermore, no defense such as justification is presented which would make a consideration of flight or lack of flight relevant to a determination of guilt or innocence. Therefore, under the evidence presented, it is "highly probable that the error did not contribute to the judgment," and thus we hold it to be harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976). See *Hale v. State,* supra.

6. The court's charge that an inference of guilt might

be drawn from proof of recent possession of stolen property, absent a satisfactory explanation, was not burden shifting and did not constitute an impermissible comment on the defendant's failure to testify. See *Aiken v. State*, 226 Ga. 840, 843 (2) (178 SE2d 202) (1970); *Thomas v. State*, 237 Ga. 690, 692 (229 SE2d 458) (1976).

7. The defendant contends that the following portion of the judge's charge was erroneous in that it was burden shifting and by referring to his "contentions" placed undue emphasis on his failure to testify: "Now, the defendants come into court and by their pleas of not guilty and through their counsel have contended that they are not guilty of the offense charged against them. They further contend that the state has not proved their guilt of the offense as charged to a reasonable certainty and beyond a reasonable doubt. If, from a consideration of the evidence or from a lack of evidence, you believe these contentions of the defendants to be the truth of the case, or if there rests upon your minds a reasonable doubt as to their guilt, it would be your duty to acquit any defendant as to whom you have such reasonable doubt." This enumeration of error is without merit. *Bailey v. State*, 142 Ga. App. 202 (1977). See *Williams v. State*, 139 Ga. App. 395, 396 (5) (228 SE2d 330) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 10, 1977 — DECIDED MAY 27, 1977.

*Jacques O. Partain, III*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys*, for appellee.