## 54597. RICHARDSON v. THE STATE.

SHULMAN, Judge.

This appeal is from a conviction for robbery by intimidation. It was alleged by the state that appellant robbed a convenience store by showing the proprietor the butt of a pistol stuck into appellant's pants. We affirm.

1. A confession allegedly dictated and signed by appellant was admitted into evidence over the objection of defense counsel. That admission is enumerated as error.

The police officer who procured the confession testified in an in camera hearing that appellant, while in jail after his arrest for the robbery, had asked to see him.

According to the officer, appellant said he wanted to tell the truth about the robbery and then, after being informed of his rights, dictated a statement admitting his guilt and corroborating the statements of the victim and witnesses. The officer testified that appellant was calm and gave intelligent responses to questions.

In his testimony, appellant admitted the signatures on the statement, but denied any recollection of having given the statement. He claimed that when he spoke to the police officer, he was under the influence of both a prescription drug and street drugs which were available in his cell block.

The trial judge ruled the confession voluntary. "When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous. [Cits.]" *Gibbs v. State,* 235 Ga. 480, 483 (220 SE2d 254). Since the state's evidence supports the judge's decision and the appellant's testimony does not demand a contrary decision, we will accept the trial court's determination that the confession was voluntary.

2. Two enumerations complain that the court's charge on insanity placed the burden of proof on the appellant, contrary to the holding in *State v. Moore,* 237 Ga. 269 (227 SE2d 241). Neither enumeration is meritorious. Both portions complained of dealt with the presumption of sanity. Reading the charge as a whole, which we must do (*Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856)), it was an accurate and complete statement of the law. The judge charged that there is a presumption of sanity, that introduction of competent evidence of insanity rebuts the presumption, in which instance the state has the burden of proving sanity beyond a reasonable doubt. There could have been no confusion in the mind of a reasonable juror where the burden lay; it was placed squarely on the state.

3. The court's charge on involuntary intoxication has been enumerated as error. That enumeration is also without merit. The charge was taken from Code Ann. § 26-704. There was no request for additional instructions or clarification. It was not error to give the charge in the

form in which it was given. *Pierce v. State,* 231 Ga. 731 (6) (204 SE2d 159).

4. In two enumerations, appellant contends it was error to make the verdict of the jury the judgment of the court and to deny his motion for new trial. The argument supporting these enumerations was that appellant's history of drug abuse and emotional problems and his testimony demanded an acquittal. This is tantamount to an appeal on the general grounds.

" 'As to the general grounds, this court is bound by the "any evidence" rule and must accept the state's version of the evidence, as was done by the jury and the trial judge.' [Cit.]" *Dunn v. State,* 141 Ga. App. 853 (1) (234 SE2d 687). The evidence was sufficient to support the conviction and no errors of law appear.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED NOVEMBER 14, 1977.

*Paul S. Weiner,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.