## 55636. RUBIANO v. THE STATE.

BANKE, Judge.

The defendant, Joseph Anthony Thomas Rubiano, was convicted of armed robbery and kidnapping. He now appeals the denial of his motion for new trial.

At trial, the judge charged the jury as follows with regard to the defendant's alibi defense: "Now, lady and gentlemen, if you believe the contentions of the defendant, that is, that he was not the one who committed these acts, it would be your duty to acquit." The defendant contends that by charging the jury to acquit him if they *believed* his contentions, the trial judge placed a burden of persuasion on him in violation of the Supreme Court's ruling in *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976).

1. Standing alone, the trial judge's charge might seem to violate the rule of *State v. Moore,* supra. However, the Court of Appeals established in *Moran v. State,* 139 Ga. App. 274 (228 SE2d 216) (1976) that instructing the jury as to the defendant's contentions does not result in an improper shifting of the evidentiary burdens to him. See also *Williams v. State,* 139 Ga. App. 395 (5) (228 SE2d 330) (1976); *Riley v. State,* 140 Ga. App. 207 (1) (230 SE2d 356) (1976); *Bailey v. State,* 142 Ga. App. 202 (1) (235 SE2d 650) (1977); *Brown v. State,* 142 Ga. App. 247 (1) (235 SE2d 671) (1977). Furthermore, this contested instruction was *immediately* followed by two instructions relating to the state's burden to prove guilt beyond a reasonable doubt. For these reasons, we find no error in the jury instructions. See generally *Richardson v. State,* 143 Ga. App. 846 (2) (240 SE2d 217) (1977). See also *Holloway v. McElroy,* 241 Ga. 400 (2) (245 SE2d 658) (1978) (citing Patterson v. New York, 432 U. S. 197 (1977)) (no denial of due process to require a defendant to carry the burden of persuasion on an affirmative defense).

2. The defendant alleges that it was error to deny his

motion for a directed verdict of acquittal on the armed robbery charge because there was no evidence that an offensive weapon was used. The victim testified that the defendant pulled a knife out from underneath the car seat and removed it from its sheath. Shortly thereafter he asked the victim how much money she had and "then asked me [for it]. . . I gave him my money." The judge charged the jury on both armed robbery and the lesser included offense of robbery by intimidation. The evidence was sufficient to authorize submission of the armed robbery charge to the jury; and, accordingly, it was not error to deny the defendant's motion for acquittal.

The defendant also appeals the denial of his motion for acquittal on the kidnapping charge. Although the victim testified that she voluntarily entered the defendant's car, she also testified that he refused to let her out of the car a few blocks later at her home. She said that the defendant informed her at that point that he was kidnapping her. He then drove her to a wooded area several miles from her home where he tied her to a tree with her belt; stuffed one of her gloves into her mouth; robbed her of her jewelry; and strangled her to the point that she passed out. This testimony provided sufficient evidence of kidnapping, and it was not error to deny the defendant's motion. See generally *Lindsey v. State,* 234 Ga. 874, 876 (218 SE2d 585) (1976).

3. The defendant, represented by his second privately retained counsel, asked for an evidentiary hearing on the ground of his motion for new trial alleging ineffective assistance of his first privately retained counsel at trial. The trial judge overruled the motion, stating that the motion was insufficient in that it failed to state how the defendant was denied effective assistance of counsel. He did, however, permit the defendant to perfect the record for purposes of appeal by stating what facts would have been proved at the hearing. On appeal, the defendant enumerates as error the overruling of this motion.

The trial judge's ruling was correct. (See *Law v. State,* 110 Ga. App. 364 (2) (138 SE2d 588) (1964)). Accordingly this court now has no authority to review the defendant's contentions on appeal. See also *Bryant v.*

*State,* 104 Ga. App. 496 (4) (121 SE2d 920) (1961).

The court also notes that, as confirmed by prior decisions of the Supreme Court, the appellate courts of this state are reluctant to reverse a case on the ground of ineffective assistance of counsel whenever the specific complaint urged can reasonably be construed as involving defense counsel's trial strategy. See *Reid v. State,* 235 Ga. 378 (1) (219 SE2d 740) (1975); *Dobbs v. State,* 235 Ga. 800 (4) (221 SE2d 576) (1976); *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335) (1977). This means that, should the defendant in this case elect to urge his allegation of ineffective assistance of counsel in future proceedings, it would be necessary for him to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. See generally in this regard Harried v. United States, 389 F2d 281 (D. C. Cir. 1967); United States v. Barber, 495 F2d 327 (9th Cir. 1974); United States v. Golay, 502 F2d 182 (8th Cir. 1974); United States v. Pinero, 329 FSupp. 992 (SD NY 1971).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED SEPTEMBER 11, 1978.

*Hardaway Young, III,* for appellant.
*M. Randall Peek, District Attorney, David R. Rogers, Assistant District Attorney,* for appellee.