58271. GRAHAM v. THE STATE.
58272. JONES v. THE STATE.
58273. KING v. THE STATE.

DEEN, Chief Judge.

These defendants were jointly indicted, tried and convicted for possession of marijuana, amphetamines and cocaine.

1. *Motion to Suppress Evidence.* (a) Sgt. Moore of the Tuskegee, Alabama, Police Department testified that he had two years' experience in narcotics work; that while off

duty in Columbus, Georgia, accompanied by a friend, the latter was approached by persons who offered to sell him narcotics, and was shown what from his experience appeared to be cocaine. The men then talked with Moore at the friend's instance. A man in the back seat of defendant's automobile (later identified as Graham) handed some marijuana out the window. The witness indicated he was amenable to a purchase and suggested going to a more secluded place, at which point one of the defendants suggested Sambo's. Moore and his companion accompanied by one defendant followed the men, who on arrival showed them another brick of marijuana removed from the car trunk. The witness offered to get money and return, and the Alabama officers then contacted a Columbus police unit containing Officers Long and Blanco, told them the men were in Sambo's Restaurant waiting to make the sale and that some of the drugs were inside the car and the rest in the trunk, giving the description and license tag number of the car. Long flashed his light inside the car and saw a package on the rear floorboard which from his experience on the narcotics patrol he believed to be a "block" of marijuana. He then entered the restaurant, had the three defendants pointed out to him, and arrested them, obtained keys to the car, searched it, and found the remaining drugs (another brick of marijuana, amphetamine and a package with trace of cocaine).

The officers had a right to presume that their Alabama opposite number had in fact been shown the drugs which they described, and the presence of these transients in a restaurant in the early hours of the morning, with what appeared to be drugs which they were attempting to sell stashed in an automobile in the adjacent parking lot, gave both probable cause and such exigent circumstances as to justify the warrantless arrest and the ensuing search of the vehicle. *Carroll v. State,* 142 Ga. App. 428(1) (236 SE2d 159) (1977).

(b) During the hearing on the motion to suppress evidence conducted outside the presence of the jury it was not error to restrict cross examination on the appearance of the brick of marijuana seen through the car window. The witness established that he drew this conclusion,

based on prior knowledge, from "looking at the bag, its form and shape." There was sufficient evidence to qualify this witness as an expert (a year's special experience on a narcotics squad in a hippie district in which his unit participated in over 900 arrests). As the court ruled, at this stage of the proceedings he was interested in the sufficiency of evidence to establish only that the officer had probable cause to believe in the existence of the drugs. "To justify the arrest without warrant, the officer need not see the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission." *Lynn v. State,* 130 Ga. App. 646 (204 SE2d 346) (1974). This evidence does not constitute an abridgement of the right of cross examination during a hearing on the motion to suppress, although in a jury trial the ruling might be different.

(c) Appellants further contend that the physical evidence was erroneously admitted because there was testimony that among the drugs recovered from the automobile was one marijuana cigarette, whereas when the cache was produced in court this cigarette was missing. As the appellant points out, the burden is on the state to show with reasonable certainty that no tampering with the evidence has occurred, but where there is only a bare speculation of tampering it is proper to admit the evidence and let whatever doubt remains go to its weight. *Toole v. State,* 146 Ga. App. 305, 308 (246 SE2d 338) (1978). The fact that one cigarette was missing, where the chain of custody is established, does not demand that the remaining evidence be rejected.

2. *Sufficiency of Evidence.* Upon the jury trial, Moore and Long testified substantially as they had done in the suppression hearing. Moore's testimony was supported by that of his Alabama companion Trabue, who swore he was first approached by Graham with an offer to sell "some good herb" and he led the defendants to Moore, whom he knew to have been in a narcotics squad; that Moore suggested going to a more secluded place and Graham rode with them to Sambo's, following the other car with the remaining defendants in it; that they arranged a deal and left ostensibly to obtain the balance of the $300 purchase price, stopped a police car, and reported

on these facts. The two remaining witnesses testified to receiving and examining the recovered drugs. The defendants offered no testimony.

(a) The evidence is not, as contended, entirely circumstantial.

(b) While *mere* presence at the scene of a crime is insufficient as a basis for conviction (*Greeson v. State,* 138 Ga. App. 572 (226 SE2d 769) (1976)), it cannot logically be contended that any one of the defendants here could have been unaware of what was transpiring. King and Jones in the front seat carried on the original conversation leading to the agreement to go to Sambo's. Graham in the "powder blue suit" in the back seat passed out a brick of marijuana for inspection and rode with the informants to the restaurant. Other drugs were found in the front of the vehicle and also in the trunk. "Personalty is deemed to be in possession where the right of property is accompanied by immediate possession, actual or constructive." Code § 85-1702. Cf. *Neal v. State,* 130 Ga. App. 708(1) (204 SE2d 451) (1974). The evidence of at least constructive possession was sufficient as to each of the defendants.

3. *Remaining Enumerations of Error.* (a) "Appointment by the court of one attorney to represent both defendants jointly indicted and jointly tried for a felony less than capital, did not violate the rights of either defendant to the effective assistance of counsel under the Sixth and Fourteenth Amendments in the absence of some genuine inconsistency between the defenses or the interests of defendants." *Davis v. State,* 129 Ga. App. 796 (201 SE2d 345) (1973). While there may be some conflict in this case as to which of these three defendants sat in the back seat and actually handled a block of marijuana passed out through the window (all of them being in the same car, and all being later together in the restaurant when the sale was discussed), it is obvious from an examination of the transcript that there was no contention during the trial that the defense of any one of them would necessarily constitute proof of the guilt of another. That being the case we can find no genuine inconsistency in their statements. A mere question of where various persons sat in the automobile is not such an inconsistency as would hereafter, on a habeas corpus

proceeding, arouse any strong suspicion that the constitutional rights of the defendant had been violated. We make this observation in view of *Barnes v. State,* 244 Ga. 302 (260 SE2d 40) (1979) holding that although the unconstitutionality of a statute under which a defendant was convicted was not raised during trial, it might yet be raised on habeas corpus and therefore was, in view of promoting economy of appeal, considered by the Supreme Court. Here the question of joint representation was not raised before or during trial and appears for the first time in an amendment to the motion for new trial. We do not consider that any constitutional issue has been raised, certainly not one which might form the basis for a later habeas corpus proceeding.

Joint representation and joint trial are two different aspects of trial procedure, but nonetheless hold enough in common to allow analogy. The main distinction to be noted is that a defendant ordinarily has control over who will represent him, but he may have no control over whom he will be tried with. The Code of 1861 merely noted that defendants jointly accused might be separated for trial. Beginning with Ga. L. 1878, p. 59, this was allowed "if either of them elect to sever," giving an absolute choice to the defendant, who, however, could not complain if the question was not timely raised prior to trial. *Trowbridge v. State,* 74 Ga. 431(3) (1885). We recognize that occasions may occur where the conflict of interest is first apparent by reason of some surprise which occurs in the course of the trial itself, but that did not occur here. Refusal of severance is only impermissible under Code § 27-2101 (except in capital cases) where a motion is made to that effect and the trial court by denying it commits an abuse of discretion. One such reason may well be, as appears in Glasser v. United States, 315 U. S. 60 (62 SC 457, 86 LE 680) (1942) where counsel cannot effectively represent multiple defendants with conflicting interests. Glasser, of course, involved joint representation rather than severance *per se* but the same legal principles are evident. The duty rests on the trial court to see that the trial is conducted with solicitude for the essential rights of the accused, but there is generally no duty on the part of the trial court to raise the question where it is not raised by

the parties themselves. Cf. Holloway v. Arkansas, 435 U. S. 475 (98 SC 1173, 55 LE2d 426). We therefore hold that the question of multiple representation by joint defendants is discretionary with the trial court and should be raised prior to trial; that if facts are brought out during the trial which for the first time raise the issue, a motion should be made at that time. Where the issue is not timely raised, only in the most flagrant of cases can it be held error for the court to fail to interject itself in the case and *sua sponte* to appoint new counsel for one or more defendants where its intervention has not been sought. This court is constitutionally a court for the correction of errors of law only. Code § 2-3108. It would indeed take a strong case to require intervention by a judge between a defendant and his counsel when the issue had not been raised by the parties involved, and no such situation has been shown here.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 12, 1979 — REHEARING DENIED NOVEMBER 8, 1979 IN CASE NO. 58273 —

*William L. Kirby, II,* for appellants. (Case Nos. 58271, 58272.)

*John C. Swearingen, Jr., Ben B. Philips,* for appellant. (Case No. 58273.)

*William J. Smith, District Attorney, Douglas C. Pullen, Michael D. Reynolds, Assistant District Attorneys,* for appellee.