## 76721. FIELDS v. THE STATE.
### (376 SE2d 912)

BIRDSONG, Chief Judge.

Willie F. Fields, appellant, brings this appeal from his conviction of possession of cocaine with intent to distribute. His appointed counsel has filed a motion to withdraw, pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). In accordance with *Anders*, counsel has filed a motion containing a brief in which he found no appealable error or anything which he considered arguably could support an appeal and has provided a copy of such brief to appellant. In addition, as required by *Bethay v. State*, 237 Ga. 625 (229 SE2d 406), we have thoroughly examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with appellate counsel that the points raised are not meritorious, and our examination discloses no error of any substance. Therefore, this court has granted counsel's motion to withdraw.

James Thurman, an Albany, Georgia police officer, received information from a reliable confidential informant that a tall black male dressed in beige pants, shirt and shoes, with a brim hat, would be selling cocaine at a designated location. Four police officers in an unmarked police car went to that location and saw the appellant, dressed in beige pants, shoes, shirt and a brown straw hat. The officers pulled over by defendant and he dropped a handkerchief and

started to walk away. He was detained by one officer and another officer retrieved the abandoned handkerchief. The handkerchief contained a matchbox containing suspected "rock cocaine." The officer described the suspected substance as seven $10 pieces of rock cocaine, ten larger $25 pieces, and nine $50 pieces. A forensic chemist from the Georgia Crime Laboratory confirmed that the suspected substance was indeed cocaine. Three officers saw appellant drop the handkerchief and attempt to walk away. Appellant denies he dropped a handkerchief. He said he was drinking brandy and threw the bottle cap on the ground. He never saw a handkerchief and no officer picked up a handkerchief from the ground by his feet. The jury chose to believe the officers.

The evidence adduced at trial was sufficient to enable any rational trier of fact to find the existence of the offense alleged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Further, our independent examination of the record and transcript has revealed no error of law requiring reversal.

Upon consideration of the procedure required to be followed by *Anders*, supra, and *Bethay*, supra, this court has determined that justice is best served by the procedure adopted by the Georgia Supreme Court. "We now hold that in the future *Anders* motions will not be granted by this court. We conclude that the *Anders* motion is unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant. *Anders v. California*, supra, provides a mechanism for withdrawal of appointed counsel at the appellate level in the event that the appeal would be frivolous, but it does not require such withdrawal. Further, the opinion of the United States Supreme Court does not intimate that an attorney should be subjected to discipline or even disapproval for filing a frivolous appeal in a criminal case. Ever since *Griffin v. Illinois*, 351 U. S. 12 (76 SC 585, 100 LE 891) (1956), a continuing line of cases has developed protection for the indigent defendant on his first appeal. Therefore, a defendant is entitled to review of any claim which might afford him relief. In this case, as in every other in which an *Anders* motion has been filed, this court has reviewed the entire record and transcript with very little assistance from counsel who is in a far better position to perceive error than is an appellate court looking at a cold record. We therefore find and now announce to the bar that the *Anders* motion will no longer be entertained in this court." *Huguley v. State*, 253 Ga. 709, 710 (324 SE2d 729).

*Judgment affirmed. McMurray, P. J., Carley, Sognier, Pope and Beasley, JJ., concur. Deen, P. J., Banke, P. J., and Benham, J., concur in part and dissent in part.*

BANKE, Presiding Judge, concurring in part and dissenting in part.

An appointed counsel is obviously in a categorically different position from a retained counsel in deciding whether to pursue the representation of a criminal defendant on appeal. If retained counsel determines, in the exercise of his best professional judgment, that there are no arguably meritorious grounds for the appeal, he can simply advise his client of that fact, tell him he does not believe he can help him, and decline to undertake the representation. A court-appointed counsel, on the other hand, is stuck with the case unless and until he is relieved by the court.

Ethical Consideration 7-4 of the Code of Professional Responsibility specifies that "a lawyer is not justified in asserting a position in litigation that is frivolous." 252 Ga. at 618. Ethical Consideration 7-5 specifies that a lawyer "may continue in the representation of his client even though his client has elected to pursue a course of conduct contrary to the advice of the lawyer so long as he does not thereby knowingly assist the client to engage in illegal conduct *or to take a frivolous legal position.*" Id. (Emphasis supplied.) Thus, by depriving appointed attorneys of any method by which they can withdraw from a criminal appeal for which they can discern no arguably meritorious grounds, we are in effect forcing them to engage in unethical conduct.

The argument that *Anders* motions force us to do too much work is, I believe, a specious one. A properly prepared *Anders* brief should provide the court with as much guidance in reviewing the record and transcript as would a properly prepared brief in any other appeal. In *Simpson v. State*, 183 Ga. App. 377, 378 (359 SE2d 13) (1987), we denied an *Anders* motion based, in part, on the inadequacy of the supporting brief, stating: "[C]ounsel should, at a minimum, endeavor to provide the court with a statement of the facts of the case, identifying the offense of which the defendant was convicted and summarizing the evidence presented at trial. Also, if any significant rulings were made by the court in connection with the proceedings, these should be identified." Perhaps we simply have not insisted on strict compliance with the *Anders* procedure in this regard.

If we require appointed counsel in criminal cases to pursue appeals which they believe to be frivolous, the first straw at which they will grasp will undoubtedly be the so-called "general grounds." In that event, there is absolutely no guarantee that we will not be placed in the same position that the Georgia Supreme Court sought to avoid in *Huguley v. State*, 253 Ga. 709 (324 SE2d 729) (1985) — i.e., having to undertake an examination of "the entire . . . transcript with very little assistance from counsel who is in a far better position to perceive error than is an appellate court looking at a cold record."

Based on these considerations, I respectfully dissent to this

court's decision to eliminate any procedure by which an appointed counsel may withdraw from a criminal appeal which he believes is lacking in arguable merit. I concur, however, in the court's decision to grant the *Anders* motion at issue in this case.

I am authorized to state that Presiding Judge Deen and Judge Benham join in this opinion.

BENHAM, Judge, concurring in part and dissenting in part.

The majority decides today that not only will we deny this *Anders* motion, but that this court will no longer recognize *Anders* motions in any case. While I agree with the court's denial of this *Anders* motion, I am substantially less confident in the majority's approach to all future *Anders* motions; therefore, I dissent to raise a voice of caution.

Our present approach to *Anders* motions is set out in *Bethay v. State*, 237 Ga. 625 (229 SE2d 406) (1976): "Appointed counsel may withdraw from a case on appeal only upon compliance with the rules set out in *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). *Anders* requires that appointed counsel accomplish the following: (1) submit to this court a request for permission to withdraw based upon counsel's opinion that, after conscientious examination of the transcript and record he finds the appeal to be 'wholly frivolous'; (2) accompany the request with a brief setting forth anything of record which 'might arguably support the appeal'; and (3) furnish his indigent client a copy of the brief in order to allow the defendant to raise any points he chooses to raise . . . When the above requirements are satisfied by counsel, *Anders* requires this court to examine fully the record and transcript and determine whether the appeal is, in fact, wholly frivolous. If not found to be so, the appellant must be furnished further assistance of counsel to continue the appeal. If found to be frivolous, counsel's request to withdraw may be granted and the appeal will be dismissed."

This approach to criminal appeals in cases involving appointed counsel for indigent defendants arose out of dissatisfaction with procedures which existed prior to the United States Supreme Court decision in *Anders*, supra. Quoting from *Douglas v. California*, 372 U. S. 353 (83 SC 814, 815, 9 LE2d 811) (1963), *Anders* sought to correct a situation " 'where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself.' " *Anders*, supra, 18 LE2d at 496.

The solution devised to remedy this problem is that outlined above in *Bethay*, which was followed by the Supreme Court of Geor-

gia until its decision in *Huguley v. State*, 253 Ga. 709 (324 SE2d 729) (1985), when it discontinued granting such motions. However, our court continued to recognize *Anders* motions until today.

The question here may be phrased thusly: "What duty does appointed counsel owe to an indigent defendant in prosecuting an appeal?" That question was answered in *Anders* when the U. S. Supreme Court said that an indigent defendant has a right to counsel on first appeal unless counsel finds the matter to be "wholly frivolous." The majority today declares in one fell swoop that there is no such thing as a frivolous criminal appeal; it is with that conclusion that I take issue. I find myself in agreement with Justice Stewart, who in dissenting in *Anders* (at 18 LE2d 500) observed that "[t]he fundamental error in the Court's opinion . . . is its implicit assertion that there can be but a single inflexible answer to the difficult problem of how to accord equal protection to indigent appellants. . . ."

In joining the Supreme Court of Georgia in disallowing *Anders* motions, the majority declines to make an independent review of the record without the assistance of counsel. Our role as an appellate court, however, is somewhat different than that of the Supreme Court in that we are a court for the correction of errors of law, while it has a more expansive role. *Graham v. State*, 152 Ga. App. 233, 238 (262 SE2d 465) (1979). Whereas in the criminal arena we consider matters from misdemeanors to manslaughter, the Supreme Court's direct criminal jurisdiction extends only to "cases in which a sentence of death was imposed or could be imposed. . . ." (1983 Constitution of Georgia, Art. VI, Sec. VI, Par. III (8)); it is understandable, therefore, that since it deals with matters of extreme gravity, the Supreme Court would, out of an abundance of caution, need some assistance of counsel in reviewing the record.

As to the matter of independent review, appellate courts have been making such a review of the record in a variety of types of cases, including defamation (*New York Times v. Sullivan*, 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964)) and sufficiency of the evidence cases (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), to mention just two. If we kept *Anders* motions, our review of the record would not be entirely without the benefit of trial counsel because under *Bethay*, supra, trial counsel would be required to set forth those enumerations that could arguably be advanced in support of the appeal. Therefore, some assistance would be provided in directing the court's attention to possible errors.

The question is not one of balancing the indigent defendant's right to counsel on his first appeal against the attorney's desire to withdraw. If that were the case, we would certainly favor the right to counsel. I see the question as being one of determining the appropriate manner by which the indigent defendant can be offered the right

to counsel on the first appeal without doing violence to the integrity of the judicial process and without forcing the lawyer to advance arguments that are wholly frivolous.

While the law presumes that every defendant enters upon the trial of the case with a presumption of innocence in his favor (OCGA § 16-1-5), I know of no presumption that every appeal is meritorious. I suspect that this is why the court in *Anders* provided a reasonable method for an attorney to exit the case when he concluded that the appeal was wholly frivolous.

The statute books and case reports are replete with citations too numerous to mention where, in the civil arena, we have imposed penalties in various forms on litigants and attorneys who file and pursue frivolous lawsuits and appeals. That body of law shows that both the legislative and judicial branches of government have chosen to impose civil penalties to prevent the abuse of the legal system and to maintain the integrity of the legal process.

The public is clamoring for more realistic approaches to justice that provide for fairness, expeditiousness, and finality. Unfortunately, the majority now compounds the problem by forcing lawyers to advance arguments that are meritless for the mere sake of prosecuting an appeal. Added to this will be the requirement that we treat all arguments as having been offered in good faith even when reason and good conscience dictate otherwise. The end result might very well be a charade that will disserve justice and will erode confidence in the Anglo-American system of jurisprudence. I cannot abide this result; therefore, I must dissent. I also concur fully with the opinions of Presiding Judge Deen and Presiding Judge Banke.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DEEN, Presiding Judge, dissenting.

Certain privileges or rights are provided under *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), permitting counsel to file a motion to withdraw from the case if certain criteria are met. In announcing this rule the United States Supreme Court seems to indicate that appellate courts will exercise discretion in granting or denying this type motion. To adopt a blanket rule that these type motions will never be entertained or granted indicates that an appellate court has prejudged the merits of the motion and in effect is a refusal to exercise discretion. Preservation of *Anders* motions perhaps may be out-of-step with our State Supreme Court on this issue, but it is in sync with the United States Supreme Court. (Other rules within our two Georgia appellate courts vary, i.e. — publication or not of opinions).

Because I cannot agree with the proposal of forever shutting the

door upon or non-recognition of *Anders* motions, I concur fully with the dissent of Presiding Judge Banke and respectfully also file this separate dissent.

I am authorized to state that Judge Benham joins in this dissent.

DECIDED DECEMBER 5, 1988.

*Hobart M. Hind, District Attorney*, for appellee.