**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 21, 2021**

# In the Court of Appeals of Georgia

A21A1094. SANTORO v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Forsyth County entered a judgment of conviction against Aaron James Santoro for one count each of family violence aggravated assault (OCGA § 16-5-21 (a), (i)), family violence battery (OCGA § 16-5-23.1 (a), (f)), and terroristic threats (OCGA § 16-11-37).[1] Santoro appeals from the trial court's denial of his motion for new trial as amended, arguing that the evidence was insufficient to support his convictions and that the trial court erred by: (1) admitting allegedly improper bolstering testimony by a family violence expert; and

---

[1] The jury acquitted Santoro of an additional count of family violence aggravated assault.

(2) failing to merge his convictions for family violence aggravated assault and family violence battery. Discerning no error, we affirm.

Viewed in a light most favorable to the verdict,[2] the evidence demonstrated that Santoro and the victim began dating in November 2014. At some point, the victim moved in with Santoro. Approximately one year later, Santoro became abusive, pinning the victim to the floor when she attempted to leave, grabbing and hitting the victim, and pulling the victim's hair. Santoro also emotionally and verbally abused the victim. Although the victim moved out and the relationship ended before January 2016, the two still saw each other socially.

On the morning of January 6, 2016, the victim was at Santoro's residence. As the two lay in bed, the victim attempted to cuddle with Santoro, wrap her legs around him, and place his hand on her stomach.[3] The victim's actions angered Santoro, and he rebuffed her advance by placing his arm on her neck and choking her. The two then rose from opposite sides of the bed, and a scuffle ensued, resulting in bruising

---

[2] See, e.g., *Crider v. State*, 356 Ga. App. 36, 36-37 (846 SE2d 205) (2020).

[3] The victim stated that she was pregnant and wanted Santoro, who was the biological father, "to feel his babies."

2

to the victim's arms and legs. During these episodes, Santoro threatened to kill the victim. The victim fled from the residence, got into her car, and telephoned 911.

As she sped away, she hung up on the 911 operators several times, but they called her back in an attempt to gather additional information. When officers finally stopped the victim, she was "crying hysterically" and "talking 100 miles a minute." Officers, eventually, were able to calm the victim, and she showed officers a "goose egg" on the back of her head along with extensive bruising on her legs. The victim further stated that Santoro would abuse her by "taking his elbow and digging it into her legs and hitting her in the legs." Officers then arrested Santoro at his residence.

1. Considering Santoro's third enumeration first,[4] he contends that the evidence was insufficient to support his convictions. This enumeration presents nothing for our review, however, because Santoro provides neither argument explaining why the evidence is insufficient nor precedent to support his contention, aside from citations for the standard of review and due process generalities.

At the outset, Santoro concedes that the "evidence is viewed in the light most favorable to the verdict and that he no longer enjoys the presumption of

---

[4] See *Porter v. State*, 358 Ga. App. 442, 443 (1), n. 2 (855 SE2d 657) (2021) ("For convenience of discussion, we have taken the enumerated errors out of the order in which [Santoro] has listed them.") (citation and punctuation omitted).

innocence. . . ." He likewise admits that "the credibility of a witness . . . is a matter solely for the jury[.]" The argument that follows, however, is littered with general statements concerning a variety of legal issues, including the availability of habeas corpus review, the right to appeal, and the standards for ineffective assistance of counsel, culminating in the singular statement that "the evidence was insufficient for Santoro's convictions to stand."

On its face, Santoro's appellate brief suggests a concern that a sufficiency of the evidence argument is frivolous.[5] But as Santoro further concedes, *Anders* briefs are not permitted in this Court. See *Richards v. State*, 288 Ga. App. 578, 579 (654 SE2d 468) (2007) ("This Court . . . has not permitted *Anders* motions since 1988."); *Fields v. State*, 189 Ga. App. 532, 533 (376 SE2d 912) (1988). We have found such a brief "unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant" and to attempt review of "the entire record and transcript with very little assistance from counsel who is in a far better position to perceive error than is an appellate court looking at a cold record." *Fields*, 189 Ga. App. at 533. Yet despite an appellate counsel's concern that a proposed argument may be frivolous,

_____

[5] The brief specifically cites *Anders v. California*, 386 U. S. 738 (87 SCt 1396, 18 LE2d 493) (1967).

4

counsel may still "provide the court with as much guidance in reviewing the record and transcript as would a . . . brief in any other appeal." Id. at 534 (Banke, P. J., concurring in part and dissenting in part). That was not done here. See generally *Gunn v. State*, 342 Ga. App. 615, 623-624 (3) (804 SE2d 118) (2017) ("[M]ere conclusory statements are not the type of meaningful argument contemplated by our rules[.]") (citation and punctuation omitted).

Under such circumstances, we do not evaluate unsupported arguments on a defendant's behalf because "it replaces the defendant's or his attorney's scrutiny of the trial record with an appellate court's cursory review of the record for clear and grave injustice." *Woody v. State*, 229 Ga. App. 823, 824 (1) (494 SE2d 685) (1997). Moreover, "[i]t is not this [C]ourt's role to speculate about the legal basis for an appellant's argument. . . ." *Evans v. State*, 2021 Ga. App. LEXIS 292, *24 (11) (a) (859 SE2d 593) (June 17, 2021). Nor is it "the function of this Court to cull the record on behalf of a party in search of instances of error." (Citation and punctuation omitted.) *Prescott v. State*, 357 Ga. App. 375, 380 (1) (850 SE2d 812) (2020); see also Court of Appeals Rules 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed

5

abandoned."), 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript.").

Therefore, inasmuch as Santoro fails to present any meaningful argument in support of this enumeration, it is deemed abandoned. See *Gunn*, 342 Ga. App. at 623-624 (3); Court of Appeals Rule 25 (c) (2).

2. Next, Santoro asserts that the trial court erred in admitting allegedly improper bolstering testimony by a family violence expert "to explain the behavior of a domestic violence victim who does not report abuse or leave the abuser. . . ." We find no abuse of discretion.

Before calling Beth Ready, the director of the local victim / witness assistance program as an expert witness, the State proffered that she would testify as to the "cycle of violence" in domestic abuse cases, including "why victims do not report abuse or leave an abuser or even love abusers[.]" Santoro objected, arguing that the testimony would be bolstering and that the witness could not be qualified as an expert. The trial court initially observed that the victim

> testified that there was continued abuse. You know, why is [a] woman going to lay [sic] in the same bed with a man that has been continually abusing her? . . . [A] layperson would wonder . . . why does she want to cuddle up to him, you know, when he's continuing to abuse her?

6

Citing *Gipson v. State*,[6] the trial court also reasoned that "[e]xpert testimony is admissible to explain the behavior of a domestic violence victim who does not report abuse or leave the abuser." After a thorough analysis, the trial court overruled Santoro's objection and allowed the witness to testify. The State then tendered Ready as an expert witness in the area of domestic violence. After Santoro conducted a brief voir dire examination, the trial court noted Santoro's prior objections and admitted Ready as an expert in domestic violence.

Under Georgia law,

[t]o qualify as an expert generally all that is required is that a person must have been educated in a particular skill or profession; her special knowledge may be derived from experience as well as study. Formal education in the subject at hand is not a prerequisite for expert status. The trial court has broad discretion in accepting or rejecting the qualifications of the expert, and its judgment will not be disturbed on appeal absent an abuse of discretion.

(Citations and punctuation omitted.) *Riley v. State*, 305 Ga. 163, 166 (2) (824 SE2d 249) (2019).

---

[6] 332 Ga. App. 309 (772 SE2d 402) (2015).

7

Here, Santoro does not challenge Ready's qualifications or any specific component of her testimony. Instead, Santoro contends that Ready's testimony bolstered the victim's credibility "by eliciting sympathy for her as a victim" and that, as a result, she should not have been allowed to testify at all. "[T]he credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness." (Citation and punctuation omitted.) *Westbrooks v. State*, 309 Ga. App. 398, 401 (2) (710 SE2d 594) (2011). "[I]mproper bolstering occurs when a witness gives an opinion as to whether another witness is telling the truth." (Citation and punctuation omitted.) Id.

In this case, Ready's testimony offered no commentary or opinion on the victim's veracity. See, e.g., *Wright v. State*, 327 Ga. App. 658, 661 (2) (a) (760 SE2d 661) (2014) ("What is forbidden is opinion testimony that directly addresses the credibility of the victim, i.e., 'I believe the victim; I think the victim is telling the truth.'") (citation and punctuation omitted). Rather, the testimony simply described the cycle of domestic violence "because the reasons that a victim would not immediately leave after a violent event or report the abuse are beyond the ken of the average layperson." (Citation and punctuation omitted.) *Gipson*, 332 Ga. App. at 315

8

(3).[7] As a result, we find no abuse of discretion in the trial court's decision to admit expert testimony on the cycle of domestic violence to explain "why victims do not report abuse or leave an abuser or even love abusers[.]"

3. Finally, Santoro argues that the trial court erred in failing to merge his convictions for family violence aggravated assault and family violence battery because they were the product of a single criminal act. We are not persuaded.

Generally, Georgia's merger doctrine provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime." OCGA § 16-1-7 (a). But "[w]here facts show one crime was completed before the commission of a subsequent crime, the crimes are separate as a matter of law, and there is no merger." (Citation and punctuation omitted.) *Outz v. State*, 344 Ga. App. 616, 617 (2) (810 SE2d 678) (2018); see also *Crider v. State*, 356 Ga. App. 36, 49 (3) (846 SE2d 205) (2020) ("To avoid merger, a deliberate interval must exist between the completion of one criminal act and the start of a separate criminal act.") (citation and punctuation omitted). "Whether

---

[7] Santoro's argument that *Gipson* is inapplicable because it applies a plain error analysis is unavailing. Indeed, we noted that "[t]here was *no error*, much less plain error, in [that] case because the trial court properly admitted the . . . expert testimony." (Emphasis supplied.) *Gipson*, 332 Ga. App. at 314 (3).

offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Crider*, 356 Ga. App. at 49 (3).

Relevant to this appeal, a grand jury indicted Santoro for one count of family violence aggravated battery for making "an assault upon the [victim] with an object and instrument, to wit: the arm of the accused, which when used offensively against a person is likely to and actually did result in strangulation, said person and the accused not being siblings but formerly lived in the same household[.]" Santoro also faced a charge of family violence aggravated battery for intentionally causing "visible bodily harm, to wit: bruising and redness on and about the legs, to the [victim], by stepping on her legs and putting his elbow on her legs, said person and the accused formerly lived in the same household[.]"

The evidence revealed that the victim attempted to cuddle with Santoro as the two lay in bed. Santoro rejected the victim's advance and began to strangle her with his arm. Once this episode concluded, the two got out of bed on opposite sides and a struggle ensued, during which Santoro physically attacked the victim, resulting in injuries. Because the record demonstrates that the initial act of strangulation had been completed by the time the struggle began, and the two acts were therefore separated by the deliberate interval of getting out of bed on opposite sides as opposed to a

10

continuous tussle, there is no merger. See *Crider*, 356 Ga. App. at 49-50 (3); *Outz*, 344 Ga. App. at 618 (2).

In sum, we conclude that Santoro has abandoned any arguments concerning the sufficiency of the evidence. In addition, the trial court did not abuse its discretion in admitting expert testimony to explain the cycle of domestic violence to the jury. Finally, there is no merger of Santoro's convictions for family violence aggravated assault and family violence aggravated battery. Therefore, we affirm the trial court's order denying Santoro's motion for new trial as amended.

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur.*