22    40
i120 301

No. 8.—SAMUEL LONG, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] On the trial of a person charged with an offence, it is error to admit a part of his confession, and exclude the other part.

[2.] Proof that a person is a gambler is not admisssible to impeach his testimony.

Long vs. The State of Georgia.

Indictment, from Butts Superior Court. Tried before Judge GREEN, at December Term, 1856.

Samuel Long was indicted for stealing a horse at the Indian Springs, in the county of Butts, on the twenty-second day of June, 1856, belonging to Albert S. Rose.

*Samuel Whittle*, a witness for the State, among other things, testified, that defendant was in possession of a horse in South Carolina, about the first of July, 1856, when witness, with others, arrested him on suspicion, and that he offered to sell said horse to witness' father for eighty dollars. Upon the cross examination, prisoner's counsel asked witness to state all that was said by prisoner at the time he offered to sell the horse for eighty dollars. Solicitor General for the State objected to the question, which objection was sustained, and the evidence sought to be introduced repelled, and prisoner's counsel excepted.

*Albert S. Rose* was sworn for the State, who testified, that he was the owner of the horse stolen.

*Bryan W. Collier*, for the State, after his examination in chief, was, upon his cross examination, asked to state what was the avocation or professional calling of Rose, the owner of the horse ; the object being to prove that he was a professional gambler, and that such was his employment while at the Springs, when his horse was alleged to have been stolen. Counsel for the State objected to that fact being proved by Collier, until Rose himself should be first examined on that point, which objection was sustained by the Court, and defendant excepted.

The State having closed, defendant's counsel called Mr. Rose, and proposed to show by himself that he was a professional gambler, when it appeared that Rose had left and could not be found, whereupon, defendant moved for a continuance of the case until the attendance of said Rose could

be procured, which motion the Court refused, and defendant excepted.

The jury found the defendant guilty.   And thereupon, he moved for a new trial, making the decisions aforesaid excepted to, the grounds of his motion.

The Court refused to grant a new trial, and defendant's counsel excepted.

BAILEY, for plaintiff in error.

Sol. Gen. LYON, represented by HAMMOND, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

[1.]  " In the proof of confessions, as in the case of admissions, in civil cases, *the whole of what the prisoner said* on the subject at the time of making the confession, should be taken together."  1. *Green. Ev.*, § 218.

Therefore, the question which the counsel of the accused asked the witness, Whittle, was a *legal* question;  consequently, it was a question which the Court should not have rejected.

But the Court did reject it, and the rejection was made one of the grounds of the motion for a new trial.   And we think that the ground was a good one.   The new trial Act of 1854, says that it shall be obligatory on the Superior Courts to grant new trials in all cases in which " any evidence may be illegally withheld from the jury;" and that, if the Superior Courts fail to grant a new trial in such cases, this Court shall grant one.   *Acts of* 1853–4, 46.

For the rejection of this question, therefore, this Court is forced to say, that there must be a new trial.

[2.] If the object of the question put to Collier, was to impeach Rose's testimony, the question was not the proper one;  that

would have been a question relating to Rose's *general character*.

If the object was to lay a foundation for the conclusion, that the accused *won* the horse from Rose, the question was not one that could lay such a foundation, draw what answer it might, from the witness. Proof that Rose was a gambler, would not, of itself, have authorized the jury to infer that the accused won the horse from him at some game.

We think, therefore, that the Court was right in rejecting the question put to Collier.

And, if the Court was right in doing that, the Court was of course, right in overruling the motion for a continuance; the only object of that motion being, to procure testimony to prove that Rose was a gambler.

                                        Judgment reversed.