### 44756. BUTTRAM v. THE STATE.

### 44757. FORRESTER v. THE STATE.

WHITMAN, Judge. Appellants were convicted and sentenced for the offense of breaking and entering the dwelling of W. Roy Adams with intent to commit a larceny. The appeals are from the denials of appellants' respective motions for new trial. There were separate trials and there are separate appeals. However, the appeals are considered together since the same questions are raised in each.

1. Both appellants contend that the trial court erred in admitting testimony of an agent of the Georgia Bureau of Investigation as to items found at the scene of the alleged crime some twelve hours after the time of the alleged crime. The admission of the items themselves, a pair of gloves and a crowbar, is also enumerated as error. The objection made to the testimony and the items was that the passage of twelve hours between the time of the alleged crime and the investigation rendered the evidence immaterial and irrelevant. Adams, the owner of the dwelling, testified that he was with the agent when the investigation was made and the gloves and crowbar were found. He testified that neither the gloves nor the crowbar were his and that he had never seen them before. None of this testimony was objected to. There was evidence that the appellants were seen in the dwelling. In

fact, the evidence is that appellants and one other person were caught in the dwelling by Adams and his neighbors and held at gunpoint until officers could arrive. There was no error in admitting the evidence. *Felton v. State,* 93 Ga. App. 48, 50 (90 SE2d 607). Remoteness in such circumstances affects the weight of the evidence but not its admissibility. *Heatley v. State,* 39 Ga. App. 550 (1) (147 SE 784).

2. Both appellants urge that the court erred in charging the jury that it was under a duty to believe the most reasonable testimony given at the trial for the reason that the jury was thereby restricted from finding a verdict on the most unreasonable testimony. The charge referred to by appellants reads as follows: "The law makes it your duty to reconcile conflicting evidence, if there be such evidence in this case, so as to make all the witnesses speak the truth and perjury be imputed to none of them. But if there be any evidence in this case in such irreconcilable conflict that this cannot be done, it would be your duty to believe that testimony which is most reasonable and most creditable to you under all the circumstances and the evidence in the case."

The charge was eminently correct.

3. Both appellants contend that "it was error for the court to charge the jury that intent to commit the crime could be presumed 'when it is the natural and necessary consequence of an act.' " The charge which was given is as follows: "In the crime charged in this bill of indictment intent is a material element. The law says that intent may be shown in many ways provided the jury believed that it existed from the facts proven before them. That it may be inferred from proven circumstances, or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act."

The import of this section of the charge is that the natural and necessary consequences of one's acts or conduct may be presumed to have been intended. There was no error. *Freeman v. State,* 70 Ga. 736 (2 b).

4. Where one is indicted for burglary under *Code* § 26-2401 and there is sufficient evidence to authorize the jury to find that there has been a breaking and entering, the trial court does not err in not charging the lesser offenses defined in *Code* §§ 26-2631 and 26-2633 simply because the defendant has been prevented, by detection, from carrying his

intention into effect. *Johnson v. State,* 75 Ga. App. 581 (2) (44 SE2d 149). The same would apply to *Code* § 26-2632. The trial judge, in view of the evidence in this case, did not err in not charging on *Code* §§ 26-2631 and 26-2633.

5. There is no merit in any of the remaining enumerations of error.

*Judgments affirmed. Jordan, P. J., and Hall, J., concur.*

Submitted September 9, 1969—Decided February 13, 1970.

*Marson G. Dunaway, Jr., Leonard McKibben, Jr.,* for appellants.

*John T. Perren, District Attorney, Donald B. Howe, Jr.,* for appellee.