## 47419. BAKER v. THE STATE.

EBERHARDT, Presiding Judge. Charles Lee Baker was convicted of the offense of burglary and he appeals from a denial of his motion for new trial, as amended.

It appears that he was discovered by personnel of Rich's, Inc. in its store building at about 6:45 a.m. with two of Rich's shopping bags containing merchandise regularly displayed and sold in the store, but with no sales slips or other indicia of purchase. A security guard called the police and turned the accused over to them, together with the merchandise. Upon interrogation the accused admitted that he had been in the store and had taken the merchandise. He asserted that he had gone to the store the afternoon before, sat down to get warm and went to sleep and had been locked in when the store was closed. During the night he had awakened, roamed over the store, looking for a way out and had taken the merchandise as he went around.

Defendant urges error (1) in the failure of the court to charge that he might have been convicted of the offense of theft by taking, though conceding that the State's evidence made out a case of burglary, and (2) in the admission, over objection, during the pre-sentence hearing of the records of two misdemeanor convictions, one for wife beating and the other for simple battery. *Held:*

1. If the jury had accepted the defendant's theory as to how he got into the store and remained there, as it was authorized to do, it would have been authorized to convict him of the lesser offense of theft by taking, for in that event the essential element of burglary under *Code Ann.* § 26-1601, viz., that he did, "without authority and with the intent to commit a felony or theft therein, [enter or remain] within the . . . building . . ." would have been lacking, and his taking of the goods would have been theft by taking under *Code Ann.* § 26-1802. "The evidence on behalf of the defendant denied the charge of armed robbery, and was such that it would have authorized the jury to find him guilty of either of the two lesser offenses of robbery by intimidation or theft by taking as defined by the . . . Code sections. The evidence thus required a charge defining those offenses and submitting them to the jury as possible verdicts." *Hensley v. State,* 228 Ga. 501 (2) (186 SE2d 729). See also *Barton v. State,* 58 Ga. App. 554 (199 SE 357); *Jackson v. State,* 99 Ga. App. 740 (109 SE2d 886).

We are not unaware of a line of decisions holding that where the evidence demands a conviction of the greater offense, or does not authorize a conviction of the lesser offense, or where all credible evidence shows a completion of the greater offense, there is no error in failing to charge on a lesser included offense. See, for example, *Moore v. State,* 151 Ga. 648 (5) (108 SE 47); *Lewis v. State,* 156 Ga. 862 (1) (120 SE 124); *Gorman v. State,* 183 Ga. 307, 309 (188 SE 455); *Bowen v. State,* 188 Ga. 28 (1) (2 SE2d 637); *Smith v. State,* 228 Ga. 293, 294 (185 SE2d 381); *Hill v. State,* 229 Ga. 307 (191 SE2d 58); *Johnson*

*v. State,* 75 Ga. App. 581 (2) (44 SE2d 149); *Buttram v. State,* 121 Ga. App. 186 (4) (173 SE2d 272). But we do not view the situation here as being controlled by those cases.

If this theory of the matter had been raised only by the defendant in his unsworn statement there would have been no reversible error in failing to include in the charge the lesser offense, since there was no request for it. *Whisman v. State,* 221 Ga. 460 (8) (145 SE2d 499); *Brawner v. State,* 221 Ga. 680 (3) (146 SE2d 737). But in addition to being raised in the defendant's statement, it was presented by the arresting officer, testifying as a State's witness, when he related the confession made to him by the defendant— which was substantially the same as the contention made in his unsworn statement as to how the affair had occurred. Thus, there was evidence beyond the defendant's unsworn statement supporting his theory.

To the extent that the theory presented in his confession to the officer showed guilt of the lesser rather than the greater offense it may have been a self-serving declaration (which we do not decide). But it was a part of the confession which must have been admitted along with the rest of it. *Long v. State,* 22 Ga. 40; *Miller v. State,* 73 Ga. App. 810 (4) (38 SE2d 180).

The evidence was ample to justify the defendant's conviction of the greater offense, as he concedes, but we cannot say that if they had been given the opportunity to do so the jury might not have convicted of the lesser offense instead. For this reason failure to charge on the lesser offense was harmful error.

2. The statute relative to the pre-sentence hearing, *Code Ann.* § 27-2534 (Ga. L. 1970, p. 949) provides that evidence of *any* prior criminal convictions, pleas of guilty or of nolo contendere, or lack thereof, may be introduced. This does not limit the prior convictions to those involving moral turpitude.

*Judgment reversed for the reason stated in Division 1. Deen and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 22, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Joel M. Feldman, Morris H. Rosenberg,* for appellee.