## 59095. LOCKETT v. THE STATE.

BANKE, Judge.

Appellant was convicted of theft by taking based on an indictment which alleged the unlawful entry into the warehouse with the intent to steal. The warehouse was entered sometime between Friday evening, June 16, 1978, and Monday morning, June 19, 1978. Two men were seen in a wooded overgrown area behind the warehouse, loading furniture into an automobile. The car's license plate number eventually led police to the appellant's home, where some of the furniture was located.

Appellant denied any knowledge or participation in the break-in, claiming instead that he had found the furniture in the overgrown area and had considered it abandoned. The appellant testified that this took place on the Thursday after the weekend of the break-in. A state's witness who saw the two men putting furniture in the car testified that this occurred on the Monday morning following the break-in. The jury returned a verdict of guilty of theft by taking.

Appellant contends on appeal that the trial court erred in charging on theft by taking as a lesser included offense, that there was a fatal variance between the offense charged in the indictment and the offense of which he was found guilty, and that the jury's finding of not guilty to burglary is repugnant to its finding of theft by taking. *Held:*

1. The state's case against appellant relied upon the rule "long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of stolen goods by the defendant creates an inference . . . of fact sufficient to convict. This is true without *direct proof* or other circumstantial evidence that the defendant committed the theft." *Smart v. State,* 147 Ga. App. 117, 118 (248 SE2d 185) (1978). In this case the evidence is uncontradicted that the victim's warehouse was entered unlawfully and that his furniture was taken. Theft by taking is a lesser included offense to burglary. See *Baker v. State,* 127 Ga. App. 99 (192 SE2d 558) (1972). "The trial judge . . . may of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation." His failure to do so upon request by either the state or the defendant would be error if the evidence warrants such charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). In this case there was evidence to support this theory of guilt, and the charge was properly requested by the state.

2. Likewise, appellant's contention that the jury's verdict was self-contradictory is without merit. The jury's failure to find beyond a reasonable doubt that appellant burglarized the warehouse is not repugnant on the facts of the case to its finding of guilt to theft by taking. There was evidence that packing paper and boxes were found in the area where appellant testified that he had found the "abandoned" furniture. There was also testimony that the furniture was new and that identification markings on at least one item had been painted over. "The determinative factor . . . is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty

in the convicted charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973).

3. Appellant also enumerates as error the denial of his motion in arrest of judgment, which was based on the fact that the indictment which was sent out with the jury had written upon it his previous guilty plea to theft by taking, which, of course, he had withdrawn. There was no objection made to the trial court concerning the indictment's use by the jury. Failure of the appellant to call the matter to the attention of the trial court at the proper time precludes our consideration of the matter on appeal. See *Allen v. State,* 155 Ga. 332 (116 SE 534) (1923); *Page v. State,* 120 Ga. App. 709 (172 SE2d 207) (1969).

4. Appellant's contention that the trial court erred in failing to direct a verdict of acquittal is likewise without merit. After a review of the matters presented to the jury and available for their consideration, we find that a rational trier of fact could reasonably have found from that evidence proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 6, 1980 — REHEARING DENIED FEBRUARY 22, 1980 —

*Charles R. Sheppard,* for appellant.
*Richard E. Allen, District Attorney, Steven L Beard, Assistant District Attorney,* for appellee.