## 61416. SAPP v. THE STATE.

BIRDSONG, Judge.

Appellant contends his burglary conviction was error because the state failed to prove, as alleged in the indictment, that the appellant "without authority" entered the "dwelling house of Cleo Stalvey."

We find no error. The victim Cleo Stalvey did not testify, but the investigating officer testified, apparently of his own knowledge, that Cleo Stalvey's residence is located at a particular address on Cat Creek Road, and that appellant rode with him in the county pointing out various houses he had burglarized, and pointed out "Cleo

Stalvey's residence" as one that he had burglarized (see *Strickland v. State,* 137 Ga. App. 628 (224 SE2d 809)). The officer testified that he investigated the burglary at Cleo Stalvey's residence on the day her Sears TV was stolen. Sapp's accomplice testified that he and Sapp burglarized the dwelling house of Cleo Stalvey at a particular address and stole a Sears color TV. A residence is a dwelling place under Code Ann. § 26-1601. The evidence in the case adequately established that the premises entered were the dwelling of Cleo Stalvey. (See *Murphy v. State,* 238 Ga. 725, 729 (234 SE2d 911)).

The accomplice stated that neither he nor Sapp had permission to enter Mrs. Stalvey's residence. The evidence showed that a jalousied door at Mrs. Stalvey's residence had been kicked in. This latter evidence is sufficient in itself to prove Sapp was without lawful authority to enter Cleo Stalvey's dwelling house (*Aufderheide v. State,* 144 Ga. App. 877, 878 (242 SE2d 758)), and, moreover, fully corroborates the accomplice's testimony that he and Sapp did not have lawful authority to enter. See *R. T. M. v. State,* 138 Ga. App. 92, 93 (225 SE2d 510); *Lord v. State,* 134 Ga. App. 683, 684 (215 SE2d 493).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 4, 1981.

*Richard M. Cowart,* for appellant.
*H. Lamar Cole, District Attorney, Richard J. Shelton, Assistant District Attorney,* for appellee.