## 62848. WILLIAMS v. THE STATE.

CARLEY, Judge.

Appellant was indicted for the offense of burglary. The indictment alleged that appellant, "without authority and with intent to commit a theft therein, entered the business establishment of Pi-Jon Corporation." Appellant pleaded not guilty to this indictment and thereafter was tried before a jury which found him guilty of the lesser offense of theft by taking. From the judgment and sentence entered on the jury verdict, appellant brings this appeal.

1. Appellant asserts that the proof fatally varied from the indictment and that the evidence was insufficient to support the verdict. It is undisputed that Pi-Jon's, Inc., a Texaco distributorship, was unlawfully entered and that a heavy safe and other items were taken. While appellant denied entering the building, he admitted walking to the burgled premises with his two alleged accomplices and waiting outside a fence surrounding the premises during the perpetration of the actual burglary. Appellant further admitted that once the safe had been removed from the building and lifted over the fence, he assisted in transporting it to the home of one of his accomplices where the contents were removed. Thereafter, appellant assisted in placing the safe in the trunk of a car and in driving to a nearby stream where the safe was unloaded and abandoned.

Based upon an independent review of the entire record we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of theft by taking beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rittenberry v. State,* 155 Ga. App. 213 (1) (270 SE2d 379) (1980). We find meritless appellant's contention that there was a fatal variance between the allegations of the indictment and the proof at trial. *Lockett v. State,* 153 Ga. App. 569 (1) (266 SE2d 236) (1980).

2. Citing Giglio v. United States, 405 U. S. 150 (92 SC 763, 31

LE2d 104) (1972), appellant asserts as error the alleged failure of the State to disclose an agreement with Greg McMullen, one of the prosecution's witnesses, not to prosecute him in exchange for his testimony. In Giglio, the Supreme Court of the United States ordered a new trial where the prosecution did not reveal to defense counsel the fact that the only witness directly linking petitioner Giglio to the crime had been promised immunity from prosecution in exchange for his testimony. Also, the affidavit of a government prosecutor admitted the existence of the immunity agreement.

In the instant case, the only evidence which appellant submits in support of his contention that a "deal" existed between the state and the witness is a letter from Mr. McMullen's appointed counsel to the district attorney which reads in pertinent part as follows: "As you know [Greg McMullen] whom I was appointed to represent testified against the co-defendants with regard to the burglary of [Pi-Jon's, Inc.]. At that time you agreed not to prosecute him in light of the insufficiency of evidence as well as his desire to cooperate with you in the prosecution of the others charged." Unlike Giglio, the prosecution in the instant case denies that any undisclosed agreement existed with Greg McMullen to forego prosecution in exchange for his testimony. Rather, the state here contends that it did not prosecute Mr. McMullen for the burglary in question simply because there was no evidence connecting him with that crime.

We are not convinced that the evidence submitted by appellant is sufficient to support his contention of an undisclosed "deal" between McMullen and the state. However, even assuming that appellant presented uncontroverted evidence of such an agreement and of the state's failure to disclose the same, under the facts before us, we do not find that the state's failure to disclose the alleged arrangement was of sufficient significance to have resulted in the denial of appellant's right to a fair trial. We have carefully reviewed Mr. McMullen's testimony and conclude that it was not material to the state's case. Mr. McMullen offered no testimony as to the actual perpetration of the burglary of Pi-Jon's, Inc. and presented no material evidence which was not admitted by appellant. Assuming that Mr. McMullen testified falsely when he stated that the state had made no promises in exchange for his testimony, we fail to find, under the facts of this case, any reasonable likelihood that the false testimony could have affected the verdict of the jury. Giglio v. United States, supra at 31 LE2d 108; *Allen v. State,* 128 Ga. App. 361, 364 (196 SE2d 660) (1973). See also United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342, 349) (1976). Accordingly a new trial is not warranted.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 25, 1982.

*Lee Payne,* for appellant.

*John T. Strauss, District Attorney, John Ott, Assistant District Attorney,* for appellee.