## 65731. DARDEN v. THE STATE.

BANKE, Judge.

Appellant was charged with burglary, but convicted of theft by taking, based upon evidence seized from his automobile after he was stopped by an officer of the Atlanta Police Department. The principal issue on appeal concerns the legality of the stop and the resulting seizure of evidence.

The record shows that, while driving past an auto parts company on his regular patrol route at approximately 4:30 a.m., on February 9, 1982, Officer Owen noticed a brown station wagon drive out of the business' parking lot. The vehicle appeared to be heavily loaded, and Officer Owen observed several radiators through its rear window. Based upon his observations and his knowledge of previous burglaries of the business, he stopped the vehicle. While checking for operator's license and identification, he noticed that the vehicle was heavily loaded with various other auto parts. Appellant produced a bill of sale showing that he had purchased the vehicle from the auto parts company in question; and, according to Officer Owen, he indicated that he was currently employed by that business.

Officer Owen dispatched another police unit to check for any signs of forced entry. He also instigated contact with the manager of the company, who informed the police officers that appellant was not one of its employees. Officer Owen then advised appellant that he was being detained for investigation; he further requested appellant to drive back to the premises of the parts company, to which request appellant readily acceded. When the manager arrived and identified the auto parts in appellant's vehicle as belonging to that business, Officer Owen placed appellant under arrest. Appellant's vehicle was then impounded and searched, and the auto parts and soiled clothing obtained therefrom were admitted into evidence following the denial of his motion to suppress. *Held:*

1. "[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." Delaware v. Prouse, 440 U. S. 648, 663 (99 SC 1391, 59 LE2d 660) (1979). However, "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, 392 U. S. 1, 22 (88 SC 1868, 20 LE2d 889) (1968). Under the circumstances of this case, the arresting officer certainly had sufficient articulable and reasonable suspicion to stop appellant's vehicle and detain him for purposes of investigation. The officer observed appellant pulling out of the parking lot of the auto parts business at approximately 4:30 a.m. when the establishment obviously was closed; he was personally aware of previous burglaries of this business; and he could observe various auto parts through the rear window of the heavily loaded vehicle. " 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape.' . . . Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612)." *Allen v. State,* 140 Ga. App. 828, 831 (232 SE2d 250) (1976). See also *Jackson v. State,* 155 Ga. App. 386 (271 SE2d 32) (1980). The trial court properly denied appellant's motion to suppress the evidence obtained from the vehicle.

2. Appellant also enumerates as error the trial court's failure to give his requested jury charge on criminal trespass. Under appropriate circumstances, a charge on criminal trespass may be required as a lesser included offense to burglary. See *Deese v. State,*

137 Ga. App. 476 (224 SE2d 124) (1976). See also *Loury v. State,* 147 Ga. App. 152 (248 SE2d 291) (1978), and *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) (1975). A person commits criminal trespass when he knowingly and maliciously interferes with the use or possession of another's property, or when he without authority enters another's land or premises for an unlawful purpose. OCGA §§ 16-7-21 (a) (b) (Code Ann. § 26-1503). Whether such a charge was required in this case thus depended upon evidence of either malicious use or interference with the property of the auto parts business or an unauthorized entry for some unlawful purpose other than the commission of a felony or theft. Here there was no such evidence. Rather, the evidence showed that appellant harbored either the unlawful purpose of committing theft or the lawful purpose of gathering abandoned property. With only these two possibilities raised by the evidence, the trial court correctly refused to charge on criminal trespass. See *Deese v. State,* supra. A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial. *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975).

3. Appellant's final contention is that the trial court erred in charging on theft by taking. Theft by taking is a lesser included offense to burglary, and a trial judge may of his own volition and discretion charge on a lesser crime of that included in an indictment. *Williams v. State,* 161 Ga. App. 62 (288 SE2d 861) (1982); *Lockett v. State,* 153 Ga. App. 569 (266 SE2d 236) (1980). There was evidence to support this theory of guilt, and the trial judge properly instructed the jury on it.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 10, 1983.

*Myra H. Dixon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Richard E. Hicks, Assistant District Attorneys,* for appellee.