66745. LLOYD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

OCGA § 16-7-1 (Code Ann. § 26-1601) provides: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or . . . any other building, railroad car, aircraft, or any room or any part thereof." As is readily apparent there are two essential elements which must be established by the State: 1) lack of authority to enter the dwelling or building; 2) intent to commit a felony or theft. *Kent v. State,* 128 Ga. App. 132 (1) (195 SE2d 770); *Ealey v. State,* 139 Ga. App. 604 (2) (229 SE2d 86).

A careful examination of the transcript reveals the evidence was sufficient to sustain a finding of theft by taking which may be a lesser included offense of burglary (*Lockett v. State,* 153 Ga. App. 569, 570 (1) (266 SE2d 236); *Breland v. Smith,* 247 Ga. 690, 692 (2) (279 SE2d 204)), since if found it would constitute proof of the second prerequisite element of burglary. As counsel for the defendant points out the co-owner of the building allegedly burglarized failed to testify regarding any lack of authority on defendant's part to enter the building. However, the officer investigating the crime did testify: "[t]he front door of the warehouse had been pried open . . ."

In *Sapp v. State,* 158 Ga. App. 443, 444 (280 SE2d 867), where an accomplice had testified that neither he nor the defendant had permission to enter the burglarized residence and the evidence showed a "jalousied door" at the residence had been kicked in, this court held: "This latter evidence is sufficient in itself to prove [the defendant] was without lawful authority to enter [the victim's] dwelling house . . ." Cited as controlling in that case was *Aufderheide v. State,* 144 Ga. App. 877, 878 (242 SE2d 758) where the defendant broke in a door in order to enter the dwelling and there was testimony by the defendant's wife, whose residence was broken into and who was separated from him, that she had not told him where she was living and desired that he not know.

6

In view of these decisions we can only hold that the evidence was sufficient to show the defendant's lack of authority to enter the building.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1983.

*John R. Thigpen, Sr.,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Michael D. Devane, Assistant District Attorney,* for appellee.