## 68864. McCLINIC v. THE STATE.
### (321 SE2d 796)

BANKE, Presiding Judge.

Clifford McClinic was indicted both for burglary and theft by taking, based on the theft of the same property. He was also charged in the indictment with having three prior felony convictions. The jury returned a verdict of guilty as to both offenses. Following the sentencing hearing, at which the records of the prior felony convictions were introduced, the trial court orally announced a sentence of 15 years for burglary and 5 years for theft by taking, to be served consecutively. This sentence was reduced to writing and filed on that same date, although no notation was made that it was intended to be a recidivist sentence. At a hearing held the following day, the State's attorney requested the court to correct the sentence to reflect that it was for a fourth felony conviction. See OCGA § 17-10-7 (b). The trial court granted this request and, in addition, increased the sentence to 20 years for burglary and 10 years for theft by taking, to be served consecutively. On appeal, McClinic contends (1) that the theft by taking conviction should have merged with the burglary conviction as a lesser included offense; and (2) that the increase in the sentence was improper. *Held*:

1. An accused may not be convicted of more than one crime if one crime is included in the other. OCGA § 16-1-7 (a) (1). "Theft by taking is a lesser included offense to burglary. [Cit.]" *Lockett v. State*, 153 Ga. App. 569, 570 (266 SE2d 236) (1980). See also *Lloyd v. State*, 168 Ga. App. 5 (308 SE2d 25) (1983); *Darden v. State*, 165 Ga. App. 739 (3) (302 SE2d 425) (1983). In the instant case, the offense of theft by taking was included in the offense of burglary, and the conviction and sentence for theft by taking is accordingly set aside.

2. "A sentence which has been reduced to writing and signed by the judge may not be increased after the defendant has begun to serve that sentence. [Cit.]" *Curry v. State*, 248 Ga. 183, 185 (281 SE2d 604) (1981). See also *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981); *Henderson v. State*, 162 Ga. App. 320 (5) (292 SE2d 77) (1982). Although the trial court was empowered to correct the sentence to reflect the recidivism aspect (see *Henderson v. State*, supra), the court was not empowered to increase the punishment.

3. The conviction and sentence for theft by taking are vacated. The judgment of conviction of burglary is affirmed, but the sentence is vacated with direction that the appellant be resentenced for a term not to exceed that imposed by the original sentence.

*Judgment affirmed in part and vacated and case remanded with direction in part. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 6, 1984.

*Wade C. Hoyt III*, for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney*, for appellee.