### 70330. PALMER v. THE STATE.
(331 SE2d 77)

BANKE, Chief Judge.

The defendant was convicted of two counts of burglary, one count of rape, and one count of aggravated assault. In this appeal, he contends that the two burglary convictions must be set aside because they merged with the underlying rape and aggravated assault convictions. *Held*:

The burglary convictions were based on evidence that the appellant raped one of the victims and assaulted the other with intent to rape after unlawfully entering their apartments. This court has considered the question of merger in factually identical settings and has held the offense of burglary to be separate and distinct from the sexual offenses committed subsequent to the unlawful entry upon the premises, even though the evidence utilized to establish such offenses may also be relied upon to establish the felonious intent necessary to prove the burglary. See *Groves v. State*, 152 Ga. App. 606 (2) (263 SE2d 501) (1979) (rape-burglary); *Taylor v. State*, 157 Ga. App. 212 (4) (276 SE2d 691) (1981) (aggravated assault-burglary). It follows that the trial court did not err in refusing to direct a verdict of acquittal as to the burglary charges in the present case.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 7, 1985.

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, R. Stephen Roberts, J. Thomas Morgan III, Assistant District Attorneys*, for appellee.