### 76358. FLOYD v. THE STATE.
(368 SE2d 541)

DEEN, Presiding Judge.

Rick Lee Floyd was convicted of three counts of burglary, one count of entering an automobile with intent to commit a theft, and one count of theft by taking. On appeal, he contends that the trial court should have granted his motion to sever the offenses and that the theft by taking count was a lesser included offense of the burglary count.

1. After the prosecutor explained that the evidence would show that property stolen from a series of different locations was found in Floyd's apartment at the time of his arrest, that it would be difficult to counsel the witnesses who heard his admissions as to how he obtained the goods, and that all of the offenses occurred within approximately one month's time, the court below found that there was a common scheme in bringing stolen property into the accused's apartment and storing it there and that the defendant would receive no benefit from severing the offenses.

Offenses may be joined which are based on the same conduct, on

a series of connected acts, or on a series of acts constituting parts of a single scheme or plan. "If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense.' [Cits.]" *Isbell v. State*, 179 Ga. App. 363, 366 (346 SE2d 857) (1986). In the instant case, the trial court found a common scheme in the theft related offenses and a series of connected acts. Accordingly, it did not err in denying the motion to sever.

2. Appellant's contention that he should not have been convicted of the burglary of the Northwood Golf and Country Club on October 2, 1986, and the theft by taking of a golf cart from the cart barn, which was used to transport the items stolen from the kitchen and pro shop in the main building on the same date, is without merit. The golf cart was removed from a fenced area on the grounds, not from the inside of the burglarized clubhouse. There is a hole in this one argument advanced on this point, as it was a separate offense and not included in the burglary offense. *McClinic v. State*, 172 Ga. App. 54 (321 SE2d 796) (1984), relied upon by appellant, is not controlling on whether the theft of the golf cart was a lesser included offense of the burglary because the theft by taking and burglary counts in *McClinic* were based on theft of the same property.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988.

*Walter J. Clarke II*, for appellant.
*Thomas C. Lawler III, District Attorney, Tracy A. Lorowitz, Assistant District Attorney*, for appellee.