## A89A1143. KEYE v. THE STATE.
(386 SE2d 543)

POPE, Judge.

Defendant Leroy Keye was convicted of two counts of armed robbery and two counts of possession of a firearm in the commission of a felony. Evidence was presented to show that defendant entered the house of the first victim at about 3:30 a.m. April 2, 1988, under the false pretense of being a police officer. He took several items belonging to the victim including a pistol which he used to threaten and beat the victim. Sometime before 4:00 a.m. the same morning he entered the apartment of an elderly tenant in the same apartment building in which he lived, this time under the false pretense of being a maintenance worker sent to make repairs. Once inside the apartment he pulled a pistol on the elderly victim and took her watch. Shortly after 4:00 a.m. several police officers visited defendant's apartment and the defendant voluntarily accompanied them to the apartment of the second victim who identified him as her assailant. The items stolen from both victims were found in defendant's apartment.

1. Defendant first argues the trial court erred in denying his motion to sever the trial of the two separate acts. "Offenses may be joined which are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan. 'If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary "to achieve a fair determination of the defendant's guilt or innocence of each offense." (Cits.)' *Isbell v. State*, 179 Ga. App. 363, 366 (346 SE2d 857) (1986). In the instant case, the trial court found a common scheme . . . and a series of connected acts. Accordingly, it did not err in denying the motion to sever." *Floyd v. State*, 186 Ga. App. 777, 777-778 (368 SE2d 541) (1988). See also *Phillips v. State*, 160 Ga. App. 345 (1) (287 SE2d 69) (1981).

2. Defendant next argues his convictions for possession of a firearm in the commission of a felony must merge with the corresponding convictions for armed robbery. "[I]t does not violate our double jeop-

ardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution. . . . It follows that [armed robbery] is not a lesser included offense under the crime of possession of a firearm during commission of a felony and that this enumeration of error is without merit." *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 442), cert. denied, 459 U. S. 1092 (103 SC 580, 74 LE2d 940) (1982).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 11, 1989.

M. Ross Becton, Jr., for appellant.

Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney, for appellee.