## A93A0638. WOODS v. THE STATE.
(434 SE2d 146)

ANDREWS, Judge.

Woods was charged with and convicted of the offenses of burglary of an auto parts store, theft by taking of a 1988 Isuzu pickup truck from the property of the parts store, and theft by taking of less than $500 from the interior of the auto parts store.

Viewed in favor of the jury's verdict, the evidence showed that the auto parts store closed for business at its regular hour of 6:00 p.m. on November 18, 1991. The store was left locked, with the company's 1988 white Isuzu pickup parked outside in the parking lot, bearing the tag number RK2009. The truck was locked and the keys were on a hook located behind the customer counter inside the store. When the employees arrived the following morning around 7:30 a.m., the rear door was discovered with the lock broken and the door pried open. At the front of the store, two gum machines had been broken and the change removed from them. The three cash registers in the shop were usually left open, with only change remaining in them, in case of theft so they would not be destroyed. All of the change, less than $100, was missing from the registers. Further, the truck was gone, the keys having been removed from the hook.

E. A., a juvenile, testified that he was an acquaintance of Woods, an adult, and ran around with him. On the evening of November 18 and the early morning of November 19, Woods suggested that they go to the auto parts store to obtain some money. Woods and E. A. left

---

[6] We pretermit the issue of whether the first answer and the added counterclaim were in default. OCGA § 9-11-55 (a).

the residence of Woods' girl friend, Jacoway, and proceeded to the parts store. Woods used a hammer to break the lock and E. A. assisted in prying the door open with a pipe. Once inside the store, they threw the gum machines on the floor, causing them to break, and removed the change. They also took the change from the drawers. Woods obtained the truck keys and unlocked the truck. Woods and E. A. then left in the truck. Woods took E. A. home that evening and retained the truck. On the 21st of November, Woods and E. A. left the residence of Jacoway and proceeded from Rome, where the theft had occurred, to Bremen. At around 2:45 a.m. on the 21st, Officer Smith noticed the white truck proceeding slowly between a restaurant and a store. He noted the tag number RK2009. The officer began to follow the truck while checking the tag. While the officer could tell there were two individuals in the truck, he could not further describe them at that time. At the point when the officer turned on his blue lights, the truck pulled into a driveway, and the occupants both jumped out and ran. The officer pursued and caught the passenger of the truck, E. A. While he was subduing E. A., the other occupant returned to the truck and drove off. At that time, he could describe the occupant as a black male. E. A. identified him as Woods. At the time of E. A.'s apprehension, it was raining.

Jacoway was questioned by Officer Smith, at which time she implicated Woods. Further, Jacoway testified under oath at a hearing prior to the trial of Woods and again stated that he and E. A. had left her apartment on the evening of the burglary and theft, returning with a white pickup truck. She further stated that a couple of days later, Woods and E. A. again left and that early the next morning Woods returned alone to the apartment and he was wet. He told her that the police had stopped them, E. A. had been arrested, and he had hitchhiked back to Rome. The wrecked truck was later returned to the auto parts store.

At the trial, Jacoway testified, but stated that her earlier statements were lies. During the trial, she stated that Woods was home with her during all the pertinent times. At the trial, she acknowledged that Woods was the father of her then one-month-old child.

On cross-examination, Jacoway acknowledged having made her previous statements, but stated that they had been falsehoods.

1. In his first enumeration, Woods argues that the testimony of his accomplice, E. A., was not corroborated and that his motion for a directed verdict should have been granted.

In denying that motion, the trial court noted that pursuant to *Gibbons v. State*, 248 Ga. 858, 863 (286 SE2d 717) (1982), prior inconsistent statements are admissible as substantive evidence where the declarant takes the stand and is subject to cross-examination. Such was the situation here, and the prior inconsistent statement of

Jacoway provided adequate corroboration of the statement of the accomplice. *Loyd v. State*, 202 Ga. App. 1, 2 (2) (413 SE2d 222) (1991). It was not error to deny the motion for directed verdict.

2. The third enumeration argues that it was error to sentence Woods for both Count 1, burglary of the auto shop, and Counts 2 and 3, dealing with theft by taking of the change from inside the shop and the truck from outside the shop. It is urged that both of the theft by taking charges were lesser included offenses of burglary.

In his second enumeration, Woods is correct in arguing that he could not be convicted of two counts of theft by taking if they were committed at the same time and place and parts of one continuous criminal act. *Hubbard v. State*, 168 Ga. App. 778, 779 (2) (310 SE2d 556) (1983), cited in *Bigby v. State*, 184 Ga. App. 94 (1) (360 SE2d 751) (1987). *McClinic v. State*, 172 Ga. App. 54 (1) (321 SE2d 796) (1984). Woods is incorrect in urging that the burglary of the building and the theft by taking of the vehicle parked outside the building either merged factually or that the theft by taking of the truck constitutes a lesser included offense of the burglary of the building. *Floyd v. State*, 186 Ga. App. 777, 778 (2) (368 SE2d 541) (1988).

In conclusion, the theft by taking misdemeanor offense included in Count 3 relating to the money taken from inside the building must be vacated. The conviction on Counts 1 and 2 both stand.

*Judgment affirmed in part and case vacated and case remanded with direction in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 16, 1993.

*Shaw, Maddox, Graham, Monk & Boling, Virginia B. Harman,* for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.