## A97A1436. HOPKINS v. THE STATE.
### (489 SE2d 368)

BLACKBURN, Judge.

Stanley Javon Hopkins appeals his convictions of armed robbery and burglary, contending that the prosecution made improper comments in closing argument and that the trial court erred in failing to charge on the lesser included offenses of robbery and theft by taking. For the reasons set forth below, we affirm.

1. Hopkins contends the trial court erred in failing to instruct the jury on the lesser included offenses of robbery and theft by taking. "A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Citation and punctuation omitted.) *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994). However, "where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense." (Emphasis in original.) Id. at 133.

Maria Wiley testified that, at approximately 4:00 a.m., three masked men broke into her house. At the time, she was babysitting three children and talking with two other adults, Trina Mayes and Kevin Wheeler. Wiley identified Hopkins, whom she knew, as one of the masked men. She testified that Hopkins pointed a gun at Mayes and then handed the gun to one of the other men, who pointed it at Wiley. One of the men demanded Wiley's money, and she gave them her purse containing approximately $170. Mayes also testified that Hopkins had a gun during the robbery and put it to her head.

Hopkins took the stand and admitted his participation in the incident. However, he denied that they took any money from Wiley. He testified that Wiley was a drug dealer, and that he went to the house to take marijuana from her. He did not think it was wrong at the time to take the drugs from Wiley because she was engaging in illegal activity. He admitted that he took a bag from Wiley, but stated that there was nothing in it. He said he did not think his actions constituted robbery "because wasn't nothing taken, but a bag, and it didn't have nothing in it, and I left it and just threw it down." Hopkins admitted that a gun was involved, and that at some point "[i]t wound up in my hand," but denied that he pointed the gun at Mayes. He did not contradict testimony that the gun was pointed at Wiley and Mayes during the robbery, but merely claimed that he did not point the gun. He stated that he threw the gun away after the incident.

Under these circumstances, the court did not err in refusing to charge on the lesser included offenses of robbery and theft by taking, as the evidence established that, if Hopkins was guilty of any offense,

he was guilty of armed robbery. See OCGA § 16-8-41 (a). Although the evidence is in conflict as to whether Hopkins personally pointed the gun at anyone, it is uncontroverted that a gun was used in the robbery, that Hopkins at one point had possession of the gun, and that he disposed of the gun. No evidence was presented that the robbery was committed without the use of a gun. Under OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Accordingly, as a party to the crime, Hopkins was guilty of the offense of armed robbery regardless of whether he personally threatened anyone with the gun. As there was no evidence raising the lesser included offenses, the court did not err in failing to give the requested charges. Cf. *Greene v. State*, 263 Ga. 466, 467 (1) (435 SE2d 607) (1993); *Thomas v. State*, 226 Ga. App. 441 (487 SE2d 75) (1997).

2. Hopkins contends the trial court erred in failing to declare a mistrial following improper comments by the prosecutor during closing arguments. In response to Hopkins' attorney's statement during closing that the State was representing a drug dealer, the prosecutor stated to the jury that he was representing all citizens of the county. Referring to the children who were with Wiley when she was robbed, the prosecutor stated that "I'm representing them, because they are you." Hopkins argues on appeal that this statement constituted an improper "golden rule" argument, in which "jurors are invited to place themselves in the victim's place in regard to the crime." *Horne v. State*, 192 Ga. App. 528, 529 (2) (385 SE2d 704) (1989).

However, Hopkins failed to object to the prosecutor's statement or to move for a mistrial on such ground. "The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. . . . When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial." *Todd v. State*, 261 Ga. 766, 767 (2) (a) (410 SE2d 725) (1991).

Pretermitting the question of whether the prosecutor's statement was improper, in light of the overwhelming evidence of Hopkins' guilt, it is not reasonably probable that such statement changed the result of the trial. Accordingly, the trial court did not err in failing to declare a mistrial.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 24, 1997.

*Sean A. Black*, for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.