## A99A0512. CARTER v. THE STATE.
(519 SE2d 717)

SMITH, Judge.

David Andrew Carter was convicted by a jury on one count of voluntary manslaughter, two counts of arson, one count of burglary, and one count of concealing the death of another. His motion for new trial was denied, and he appeals. We find no error, and we affirm.

Construed in support of the jury's verdict, evidence was presented, through Carter's own testimony, that he met the victim when making a delivery to the victim's company. The two became friends, sometimes sharing lunch together. The victim eventually invited Carter to his home, where he and Carter drank cocktails. Carter testified that he became drunk, and then they watched a pornographic movie and had a "sexual encounter." The next time Carter saw the victim, he told the victim he did not want to "do this again" but the

victim threatened to drop Carter's account with the victim's company. According to Carter, he was "blackmailed" by the victim into a sexual relationship that continued over the next few years. He stated that the victim threatened him from "day one" of the relationship and that he feared the victim would reveal the relationship to Carter's employer and to Carter's wife. Carter testified that this relationship "was a small price to pay to keep my family."

The victim began demanding that Carter come to his home frequently, which helped precipitate an argument between the two men on the last of Carter's visits. Shortly after Carter arrived, he and the victim began fighting, and the victim fell, striking his head against the hearth in his living room. Carter testified that after the victim fell, Carter "jumped on him and held him down by his throat." Although the victim stated to Carter that he was bleeding, Carter stated that "the last thing I wanted to do was let him get a second wind." He also stated that he did not simply run away because the victim had told him there were guns in the house, and he was afraid of being shot. While Carter was holding the victim's throat, the victim stopped moving, and Carter eventually realized that he was dead. Carter also acknowledged that it was possible he could have struck the victim in his throat.

Carter went home, but a few days later returned to the victim's home, bringing matches and a plastic bottle containing gasoline. He testified that he walked through the unlocked front door, saw the victim still lying in the living room, poured gasoline onto a chair next to the victim, struck a match and threw it on the chair, and went home. He acknowledged that in setting the fire, he intended to "burn up [the victim] and any evidence" that he had been inside the house. The fire begun by Carter extensively damaged the entire house. Following the ensuing investigation of the fire and the victim's death, the medical examiner determined that the victim's cause of death was asphyxiation caused by strangulation or a blunt blow to the neck.

1. Carter argues that the evidence was insufficient to convict him of the crime of concealing the death of another.

Under OCGA § 16-10-31, "[a] person who, by concealing the death of any other person, hinders a discovery of whether or not such person was unlawfully killed is guilty of a felony." Carter argues that although he "readily conceded that his intent in setting fire to [the victim's] house was to hinder the discovery of whether or not such person was unlawfully killed," a rational jury could not have inferred that he intended "to conceal the *death* of [the victim]." According to Carter, his action "in starting the fire brought discovery of the death of [the victim]." We find no merit in this contention, for Carter testified that he intended to burn up the victim's body and other evidence linking him to the crime. The evidence authorized a rational trier of

fact to convict him of hindering the discovery of whether the victim was unlawfully killed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Life v. State*, 261 Ga. 709 (410 SE2d 421) (1991).

2. Carter argues that his convictions for burglary and arson should merge on the ground that "everything necessary to prove burglary was 'used up' in proving the arson." We do not agree. The offense of burglary is completed when a person enters the dwelling of another, without authority, with the intent to commit a felony therein. OCGA § 16-7-1 (a); *Childs v. State*, 257 Ga. 243, 251-252 (12) (357 SE2d 48) (1987). The offense of burglary in this case was completed when Carter entered the victim's home with the intent to commit arson. Carter *then* committed arson by pouring gasoline on a chair and setting it on fire. The offense of arson was not included in the offense of burglary "as a matter of fact or law." Id. at 252. The same facts were not necessary to prove the commission of both offenses, and Carter was properly convicted and sentenced on each.

We note Carter's reliance on *Lockett v. State*, 153 Ga. App. 569 (266 SE2d 236) (1980), to argue that his convictions for arson and burglary should have merged. *Lockett* expressly states that "[t]heft by taking is a lesser included offense to burglary. [Cit.]" Id. at 570. Carter argues that *Lockett* exemplifies a line of cases contrary to the holding in cases such as *Childs*, supra, because, according to Carter, the logic of these cases, "if sound, should apply as well to . . . theft cases."

*Lockett* does not require reversal in this case. This court in *Lockett* relied upon *Baker v. State*, 127 Ga. App. 99 (192 SE2d 558) (1972). But in *Baker*, the defendant had a factual defense that raised the possibility of conviction on theft by taking as opposed to burglary,[1] and that case does not imply that theft by taking is always a lesser included offense of burglary. Indeed, the cases show that depending upon their facts, theft by taking is not necessarily a lesser included offense of burglary. See generally *Hopkins v. State*, 227 Ga. App. 567-568 (1) (489 SE2d 368) (1997); *Hambrick v. State*, 174 Ga. App. 444, 447-448 (2) (330 SE2d 383) (1985); *Carroll v. State*, 142 Ga. App. 428, 430-431 (3) (236 SE2d 159) (1977). Accordingly, to the very limited extent that cases such as *Lockett*, supra, *Darden v. State*, 165 Ga. App. 739, 741 (3) (302 SE2d 425) (1983), and *McClinic v. State*, 172 Ga. App. 54 (321 SE2d 796) (1984)[2] stand for the proposition that theft by taking is *always* a lesser included offense of burglary, they

---

[1] Here, however, unlike *Baker*, as discussed above, the facts showed the completion of *both* crimes.

[2] Both *McClinic* and *Darden* cite *Lockett*, supra, for the proposition that a lesser included offense of burglary is theft by taking. *McClinic* at 54 (1); *Darden* at 741 (3).

are disapproved.

It may certainly be true, as theorized by the special concurrence, that *Lockett, Darden,* and *McClinic* were decided on the basis of the facts of each individual case. But in each of those cases, a broad, general statement was made without limitation to the facts presented. Each case states unequivocally that "[t]heft by taking *is* a lesser included offense to burglary." (Emphasis supplied.) *Lockett,* supra at 570 (1); *Darden,* supra at 741 (3); *McClinic* at 54 (1). Significantly, however, this statement is not a complete statement of the law. Theft by taking may be, but is not always, a lesser included offense of burglary. Our hope, in disapproving the very broad language in the limited circumstances when it is applied wrongly, is not to "gratuitously" disapprove legitimate precedent, but simply to clarify the law and avoid the danger that the language will be misread or misunderstood to imply that theft by taking is *always* a lesser included offense to burglary.

Such a misreading of the law is evident from Carter's argument in this appeal. Without acknowledging that theft by taking is a lesser included offense of burglary based upon the *facts* of the case, Carter, in his brief, cites *Lockett* and asserts that *Lockett* holds that "Theft by Taking is a lesser included offense of Burglary with Intent to Commit a Theft." He relies upon the broad statement in *Lockett* to question why this court, in his opinion, has reached inconsistent conclusions with regard to the merger of violent offenses and the merger of non-violent offenses.[3] The special concurrence therefore incorrectly states that the basis for disapproving *Lockett, Darden,* and *McClinic* "is not raised by Carter and does not affect Carter's contentions — or his case — one iota."

---

[3] He states the following in his appellate brief:

Arson should also merge by logic and fairness with the offense of Burglary with Intent to Commit Arson as a matter of law. Appellant concedes there are contradictory lines of cases here. In cases such as *Palmer v. State,* 174 Ga. App. 720 [(331 SE2d 77)] (1985) and *Childs v. State,* 257 Ga. 243 [(357 SE2d 48)] (1987) we are told that Rape and Kidnapping do not merge with Burglary with intent to commit those offenses, because Burglary is complete when one unlawfully enters a building with intent to commit a felony, even though proof of the felony act itself is used to show the alleged intent.

A contrary line of cases, exemplified by *Lockett* . . . hold that Theft by Taking is a lesser included offense of Burglary with Intent to Commit a Theft. These cases are contrary because the logic of *Palmer* and *Childs,* if sound, should apply as well to the theft cases. See also, *Phillips v. State,* 162 Ga. App. 199 [(290 SE2d 142)] (1982), where this court holds that a person may not be convicted of Entering an Automobile with Intent to Commit a Theft and the underlying theft.

What possibly distinguishes these two lines of cases is a reluctance by the court to have the serious offenses of Rape and Kidnapping, which potentially carry life sentences, merge with burglary with has a maximum sentence of twenty years. (The maximum sentence for Theft by Taking is ten years.) That issue is not present with Arson, for which the maximum penalty is twenty years.

If one appellant, particularly one who has apparently not studied the greater body of law to determine the more correct language with respect to theft by taking as a lesser included offense, could rely upon the broad, general statement in *Lockett*, other appellants could do so as well. To avoid this result, it is this court's duty to clarify this statement for the bench and bar and avoid the possibility of future confusion concerning this issue. In this opinion, we do not overrule *Lockett, Darden*, and *McClinic* in their entirety; we do not criticize the otherwise sound analysis in those cases. Instead, as discussed above, we disapprove only that language that might be misinterpreted — or even intentionally misused — to argue falsely that theft by taking is always a lesser included offense of burglary. If we failed to recognize this potential for confusion, illustrated by Carter's arguments in this case, and failed to attempt to clarify our own inadvertently broad statements, we would be derelict in our duty. In the words of the special concurrence, we would "undermine . . . our legal system and the public's confidence therein."

3. Carter contends that the trial court erroneously refused to recharge the jury on justification. After the jury began deliberating, it sent the following note to the trial court, " 'We need a reading of the guidelines for the four choices on Count 1. Define, please, Number 1, murder; number 2, voluntary manslaughter; number 3, involuntary manslaughter; number 4, not guilty.' " When the trial court stated an intention to respond to the jury's request by rereading the statutory definition of the three offenses mentioned, defense counsel requested that the trial court also "read the charge on justification since that applies to not guilty." The trial court did not recharge on justification, however, finding that the jury specifically asked for definitions and that if the jury had "wanted to know about self-defense, they would have asked." The court then read the statutory definitions of murder, voluntary manslaughter, and involuntary manslaughter and recited as follows with regard to the definition of "not guilty": "[I]f you do not believe that the defendant is guilty of these offenses or if you have any reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant." The trial court then asked whether these definitions answered the jury's question and received an affirmative response.

Carter argues that omission of a recharge on justification emphasized "the possible guilty verdicts over the not guilty verdict even though the jury made it clear that it was considering all of these possible verdicts." We find no error. A trial court must "recharge on any part of the charge when the jury so requests, but a trial court does not err by limiting a recharge to the specific points raised by the jury's inquiry." (Citation and footnote omitted.) *Sinkfield v. State*, 266 Ga. 726, 727 (3) (470 SE2d 649) (1996). The jury here did not request

to be recharged on justification, and the trial court did not err in responding only to the jury's specific inquiries.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Blackburn, P. J., Andrews, Ruffin, Barnes, JJ., and Senior Appellate Judge Harold R. Banke, concur. Eldridge, J., concurs specially.*

ELDRIDGE, Judge, concurring specially.

I concur in judgment only. Carter's convictions for both burglary and arson should be affirmed; they do not merge as a matter of fact or law. However, I disagree that this Court must "disapprove" our prior holdings in *Lockett v. State*, 153 Ga. App. 569 (266 SE2d 236) (1980), *Darden v. State*, 165 Ga. App. 739 (302 SE2d 425) (1983), and *McClinic v. State*, 172 Ga. App. 54 (321 SE2d 796) (1984), in order to reach this conclusion.

*Lockett, Darden,* and *McClinic* each decided the applicability of the otherwise correct statement of law "theft by taking is a lesser included offense of burglary" based upon the facts of their individual cases.[4] Contrary to the majority's assertions, these cases do not "imply" that theft by taking is ALWAYS a lesser included offense of burglary, *regardless* of the facts of the case. Indeed, the definition of a "lesser included offense" precludes a disregard of the facts of an individual case. OCGA § 16-1-6.

More importantly, appellant Carter does not even raise this issue. Carter's allegation involves the merger of arson and burglary — not theft by taking and burglary. And Carter cites the theft by taking/burglary case of *Lockett v. State*, supra, only in illustration of his contention that, *even when the facts do warrant the merger of an underlying felony offense into the offense of burglary*, the appellate courts have taken a divergent approach toward the merger of violent underlying felony offenses, like rape or kidnapping (*Palmer v. State*, 174 Ga. App. 720 (331 SE2d 77) (1985); *Childs v. State*, 257 Ga. 243 (357 SE2d 42) (1987), and the merger of non-violent underlying offenses, like theft by taking (*Lockett v. State*).[5] Thus, the majority's basis for "disapproving" *Lockett, Darden,* and *McClinic* (i.e., as standing "for the proposition that theft by taking is *always* a lesser

---

[4] *Lockett* at 570: "In this case there was evidence to support this theory of guilt [theft by taking]"; *Darden* at 741: "There was evidence to support this theory of guilt [theft by taking]"; and *McClinic* at 54: "*In the instant case*, the offense of theft by taking was included in the offense of burglary[.]"

[5] Carter opines that the approach of such cases as *Palmer* and *Childs* toward the merger of violent underlying felonies is based upon a reluctance to merge an offense that carries a life sentence into an offense which carries only a twenty year sentence, i.e., burglary. He concludes that such reluctance to merge must not be present with a less serious underlying offense, like theft by taking in the *Lockett* case, which carries a penalty of only ten years — and thus, presumably, with arson which carries only a twenty year sentence.

included offense of burglary"), is not raised by Carter and does not affect Carter's contentions — or his case — one iota.

Accordingly, neither by enumeration of error, argument, nor substantive merit is it necessary to do what the majority has done. It is unnecessary to the resolution of this case or for any other matter. In my view, gratuitously disapproving legitimate, precedential case law — even to a "very limited extent" — for no valid reason undermines our legal system and the public's confidence therein.

DECIDED JUNE 23, 1999.

*James E. Millsaps*, for appellant.
*Alan A. Cook, District Attorney, Jennifer E. Greene, Assistant District Attorney*, for appellee.

