## A03A1745. BELL v. THE STATE.
(587 SE2d 860)

ELLINGTON, Judge.

A Brooks County jury convicted Fred Alton Bell of concealing the death of another, OCGA § 16-10-31.[1] The jury acquitted Bell of mur-

---

[1] OCGA § 16-10-31 provides, "A person who, by concealing the death of any other person, hinders a discovery of whether or not such person was unlawfully killed is guilty of a felony."

der, and the trial court declared a mistrial as to the remaining charges of felony murder and aggravated assault after the jury deadlocked on those counts. Bell appeals, contending the evidence was insufficient. We disagree and affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the prosecution, the evidence showed the following facts. The victim was last seen on May 22, 2001. The next day, the victim's body was discovered in a remote field. A medical examiner determined the cause of death to be massive blunt trauma to the victim's head. The day the victim's body was discovered, Bell's fiancée returned from a two-day trip out of town and discovered Bell had packed his belongings and sold his pickup truck, couch, and television. Bell announced he was going to Florida and left alone the next day with a one-way bus ticket.

The investigation led to Bell's residence, where investigators found bloodstains which were later forensically matched to the victim. Investigators recovered Bell's couch from under a highway overpass and found on a cushion a bloodstain later matched to the victim. Investigators found fibers from the victim's clothing in Bell's truck and found fibers from Bell's truck on the victim's clothing.

After investigators arrested Bell, Bell admitted the victim had been in his residence while his fiancée was out of town but claimed he had been under the influence of drugs and could not remember what happened. Bell admitted cleaning up blood in his residence, however, and admitted being "responsible" and the only one involved.

The evidence authorized a rational trier of fact to convict Bell under the standard of *Jackson v. Virginia*, supra, of concealing the victim's traumatic death and hindering the discovery of whether she was unlawfully killed. *Mitchell v. State*, 274 Ga. 768, 770 (1) (560 SE2d 8) (2002) (defendant removed the victim's body from the scene of a shooting); *Carter v. State*, 238 Ga. App. 632, 633-634 (1) (519 SE2d 717) (1999) (defendant set fire to residence to burn up the victim's body and other evidence linking him to the crime).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

*James F. Council, Jr.*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Justo C. Cabral III, Assistant District Attorneys*, for appellee.